**Richard B. McDONOUGH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 15, 1995.

Decided Jan. 24, 1996.

Richard McDonough, pro se, as Petitioner.

Paul R. Jordan, Assistant Counsel, Clifford Blaze, Deputy Chief Counsel, for Respondent.

Before COLINS, President Judge, and PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Richard B. McDonough (Claimant) petitions for review of the March 9, 1995 decision and order of the Unemployment Compensation Board of Review (Board) that reversed the decision of an unemployment compensation referee (referee) and denied Claimant benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] Claimant presents one issue in his brief before this Court: whether he is ineligible for benefits pursuant to Section 402(b) of the Law even though he did not voluntarily quit

his employment and has held a valid Commercial Driver's License (CDL) with the proper endorsement since March 1992. (Claimant's Brief at 1.)

In response, the Board argues that Claimant's appeal should be dismissed because Claimant has failed to preserve any issues on appeal. In making this argument, the Board directs this Court's attention to our prior decision in *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991).

In *Tyler*, the claimant's petition for review raised only the objection that the Board failed to provide him with a transcript of a hearing prior to its decision, while the brief on appeal to this Court did not address that issue, but instead addressed an issue unrelated to that preserved in the petition for review. We concluded in *Tyler* that "[w]hen a Claimant appeals an issue, but fails to address the issue in his brief, the issue is waived," *Id.* 591 A.2d at 1167, and this Court will decline consideration of an issue contained in a petitioner's brief when such issue "was not raised in the stated objections in the petition for review, nor 'fairly comprised therein' in accordance with Pa.R.A.P. 1513(a)." *Id.* at 1168.

■ In this case, Claimant's petition for review raised a single objection to the Board's decision: "[T]he decision is improper and unlawful for this reason: No opportunity for a hearing prior to the official UCBR decision and notice date." (See Claimant's Petition for Review.) Claimant does not address this issue in his brief on appeal; therefore it is waived.

■ Furthermore, the issue argued in Claimant's brief on appeal was not raised in his petition for review, nor can it be said to be "fairly comprised therein." Consequently, we decline consideration of this issue.

Based on the foregoing, Claimant has failed to properly preserve any issues for this Court's consideration. Accordingly, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

## *ORDER*

**AND NOW,** this 24th day of January, 1996, the order of the Unemployment Compensation Board of Review in the above-captioned matter is **AFFIRMED.**

