Tajudeen A. JIMOH, Petitioner

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 2006.

Decided July 6, 2006.

Adam M. DeJohn, Philadelphia, for petitioner.

Paul R. Jordan, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Tajudeen Jimoh (Claimant) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board) that disallowed partial benefits to Claimant under Section 401(d)(1) of the Unemployment Compensation Law (Law).[1] The Board disallowed benefits under Section 401(d)(1) because Claimant, an alien worker, was not "available for work" during the time period for which he requested benefits, his work authorization had expired, and application for renewal of that authorization was pending. Because Claimant raises only one objection in his Petition for Review, we are constrained to address just that issue and do not reach the merits of any other substantive arguments in his brief.

The Board adopted, as its own, the following facts found by the Referee:

1. On September 24, 2004, the claimant's alien registration authorization expired and, as a result, he was no longer authorized to accept work for wages paid in the United States.

2. The Claimant had an open claim for unemployment compensation benefits at the time his alien registration authorization expired.

3. The Claimant submitted an application to renew his alien authorization but it has not been processed to date and is currently pending.

(Board Decision and Order, July 12, 2005.)[2]

Claimant alleges that he had previously received unemployment benefits during a period of time when a previous work authorization had expired, from June through December 2003, without denial. He now seeks partial benefits for the period of time his work authorization had expired, from September 24, 2004 through November 20, 2004. (Pet'r Br. at 5).

After the Board's decision, Claimant, pro se, timely filed a Petition for Review with the Court, seeking reversal of the Board's decision to deny him benefits. In his Petition for Review, Claimant sets forth only the following objection:

The Board failed to take into consideration the contradiction between my claim of 6/8/2003 to 12/13/2003 and that of 6/6/04 (i.e. the decision not to suspend my benefit in the first claim and the

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 801(d)(1). This section provides that "compensation shall be payable to any employee who is or becomes unemployed and who ... [i]s able to work and available for suitable work...." (Emphasis added.)

2. In his brief, Claimant adds the following background. Claimant is a non-citizen who has lived in the U.S. since 1984, when he first entered the country legally with a student visa. Since that time, he has resided in the U.S., now with a wife and children who are U.S. citizens. For the 22 years he has resided legally in the U.S., he applied for and has repeatedly been granted work authorization.

suspension of my benefits in the second claim under the same circumstances). (Pet. for Review ¶ 3.)

However, in his brief to this Court, Claimant, through counsel, presents a different issue:

> The question posed to the court for consideration is whether a non-immigrant who had entered the U.S. legally on an F–1 Student Visa, maintained legal status in the United States, and was deemed "permanently residing under color of law," can be categorically denied unemployment compensation during a period when his work authorization expired, and his new work authorization was still pending (although ultimately approved), pursuant to Section 402.3 of Pennsylvania Unemployment Compensation Law.

(Pet'r Br. at 4.)

In the Argument section of his brief, Claimant has two sections. The first argument is: "The [Claimant] Cannot Be Categorically Denied Unemployment Compensation Based On His Work Status" (Pet'r Br. at 9), with a subsection explaining: "The [Claimant] Had Sufficient Work Status Pending Renewal Of His Work Authorization Due To His Prior Work Authorization And His 'Permanently Residing' Status In The United States" (Pet'r Br. at 10). The second argument section is similar: "The [Claimant] Was A Lawful Resident Permanently Residing Under 'Color of Law' And Was Entitled To Unemployment Compensation" (Pet'r Br. at 13), with a subsection explaining that "Based On The Length Of [Claimant's]

Status In The United States, He Was 'Permanently Residing' Under Color of Law" (Pet'r Br. at 14).

However, echoing his Petition for Review, Claimant does begin his Summary of Argument in the brief with the following statement:

> The Petitioner had been granted work authorization continuously throughout his residence in the United States since 1984, without ever being denied. Regardless, the Unemployment Board failed to recognize that this process now takes longer than 30 days, and can exceed 90 days depending on the type of matter. In fact, in 2003, the Unemployment Board allowed Petitioner's benefits to continue uninterrupted when his work authorization expired in August, 2003, allowing him to collect benefits from June through December of 2003.

(Pet'r Br. at 7.) Claimant next argues that his status as an alien worker without work authorization should not prohibit him from receiving benefits, relying on *Reinforced Earth Co. v. Workers' Compensation Appeal Board (Astudillo)*, 570 Pa. 464, 810 A.2d 99 (2002), which interpreted and applied the Workers' Compensation Act,[3] not the Unemployment Compensation Law. In *Reinforced Earth*, the Pennsylvania Supreme Court held that an unauthorized alien should not be excluded from workers' compensation benefits due to his status, in part because of his expectation that he will receive benefits from funds into which he paid while working. Finally, Claimant addresses Section 402.3 of the Law,[4] apparently in response to the Referee's decision which disallowed him benefits under this

---

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

4. Added by Section 5 of the Act of July 6, 1977, P.L. 41, *as amended*, 43 P.S. 802.3. Section 402.3(a) of the Law provides that: "(a) Benefits shall not be paid on the basis of

services performed by an alien unless such alien is an individual who has been lawfully admitted for permanent residence or otherwise is permanently residing in the United States under color of law...." 43 P.S. § 802.3(a).

particular section. Section 402.3 precludes payment of benefits to aliens unless such aliens are lawfully authorized to engage in gainful employment. Claimant argues that he is, in fact, permanently residing in the United States under the color of law due to the length of his residence and his previous work authorizations. Claimant relies on various non-Pennsylvania cases, including *Getahun v. Office of Chief Administrative Hearing Officer of Executive Office For Immigration Review of United States Department of Justice*, 124 F.3d 591 (3d. Cir.1997) (holding that Plaintiff was authorized to work because her grant of asylum, by statute, provided her with permanent residing status, notwithstanding that her employment authorization documents had yet to be received), and *Gillar v. Employment Division*, 300 Or. 672, 717 P.2d 131 (1986) (holding that a non-immigrant is permanently residing under the color of law when she intends to remain in the country and has significant ties to this country). From these cases, Claimant argues that he should be eligible to receive benefits.

■ The Board contests Claimant's eligibility for receipt of benefits, citing Section 401(d)(1) of the Law.[5],[6]

Unfortunately, most of the substantive arguments developed in Claimant's brief bear no relationship to the issue contained in the Petition for Review, or, at best, are so tenuously related as to be unavailing.

■ "[W]here a Claimant fails to include an issue in his petition for review, but addresses the issue in his brief, this court has declined to consider the issue, since it was not raised in the stated objections in the petition for review, nor 'fairly comprised therein' in accordance with Pa. R.A.P. 1513(a)." *Tyler v. Unemployment Comp. Bd. of Review*, 139 Pa.Cmwlth. 598, 591 A.2d 1164, 1168 (1991). Rule 1513(d) requires that a Petition for Review contain a general statement of objections, and provides that the statement of objections "will be deemed to include every subsidiary question fairly comprised therein." *Mostatab v. State. Bd. of Dentistry*, 881 A.2d 1271, 1273 (Pa.Cmwlth.2005) (quoting Pa. R.A.P. 1513(d)); *see also, McDonough v. Unemployment Comp. Bd. of Review*, 670 A.2d 749 (Pa.Cmwlth.1996). Additionally, when a party appeals, but fails to address an issue in the brief, the issue is waived. *McDonough*. This Court, in *McDonough*, held that an issue raised in the Petition for Review but not addressed in the petitioner's brief on appeal, was waived, and that an issue argued in the brief on appeal, but not raised in the petitioner's Petition for Review or "fairly comprised therein," would also not be considered. *McDonough*, 670 A.2d at 750.

■ Applied to this case, much of Claimant's argument is waived. Claimant's arguments, that he should not be categorically denied benefits because of his status, and, that he is a non-immigrant permanently residing in the United States under the color of law, are not contained in his Petition for Review, nor are they "fairly comprised therein." Therefore, these arguments are waived.

■ What remains for our review, however, is the one issue raised in the Petition

---

5. Section 401(d)(1) of the Law provides that "compensation shall be payable to any employee who is or becomes unemployed and who ... *is able to work and available for suitable work* ...." 43 P.S. § 801(d)(1) (emphasis added).

6. This Court's review is limited to determining whether constitutional rights are violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. *Deal v. Unemployment Comp. Bd. of Review*, 878 A.2d 131 (Pa.Cmwlth.2005).

for Review, which appears to be in the nature of estoppel: because Claimant received benefits during a previous time period when he had no work authorization, he argues that the Board cannot now deny him benefits.

■ Claimant argues that, because he continued to receive benefits in 2003 without interruption during a period of time when his work authorization had expired, he must have been "deemed eligible" before and the Board cannot deny him benefits now when circumstances are similar. Although Claimant baldly states in his brief that, "in 2003, *the Unemployment Board allowed* Petitioner's benefits to continue uninterrupted when his work authorization expired in August, 2003 ..." (Pet'r Br. at 7) (emphasis added), there was *no* testimony by Claimant, nor is there any evidence in the record, that his receipt of benefits was challenged at any level in 2003. At most, Petitioner has alleged only that his receipt of benefits under similar circumstances was unchallenged in the past. He cites no authority, nor is there any authority to support his argument that the absence of a challenge to his receipt of unemployment benefits in the past precludes the Board from denying benefits, not properly payable, when payment of such benefits is challenged.[7]

---

7. Even if the Court were to address the merits of the other substantive arguments, the Claimant would not prevail.

Claimant does not address the issue of his availability for work under Section 401(d)(1) of the Law, which provides that "compensation shall be payable to any employee who is or becomes unemployed and who ... *is able to work and available for suitable work* ...." 43 P.S. § 801(d)(1) (emphasis added). This was the basis of the Board's decision denying him benefits. In its brief, the Board cites to Unemployment Insurance Program Letter No. 1–86, 51 Fed.Reg. 29713–01 (clarifying the Department of Labor's interpretation of section 3304(a)(14)(A) of the Federal Unemployment Tax Act regarding the eligibility of aliens for unemployment compensation). This letter sets out the Department's interpretation of the "able and available" requirement, which the laws of all states contain. Under its interpretation, "an alien must be legally authorized to work in the United States to be considered 'available for work.' Therefore, an alien without current, valid authorization to work from the INS is not legally available for work and not eligible for benefits." The Board argues that, because Petitioner did not possess a current, valid work authorization for the weeks in which he seeks benefits, he was unavailable for work and not eligible.

Instead of addressing the Board's decision, however, Claimant argues that his situation is similar to that of the claimant in *Reinforced Earth*, in which the Court held that a claimant's status as an unauthorized alien did not bar him from the coverage of the Workers' Compensation Act. However, unlike in *Reinforced Earth*, where the Court specifically stated that the claimant there "did not point to a section [in the Workers' Compensation Act] that Claimant fails to meet, nor does it argue that Claimant's award violates the legislative intent underlying a particular statutory provision," the Unemployment Compensation Law at issue here does contain a section that Claimant fails to meet. 43 P.S. § 801(d)(1).

Claimant's final argument asserts that he is permanently residing under the color of law pursuant to Section 402.3 of the Law and, therefore, is entitled to receive benefits. However, the case on which he primarily relies, *Getahun*, unlike this case, involved a claimant who had been granted asylum. There, the Court looked to federal regulations which provided that an "alien granted asylum and eligible derivative family members are *authorized to be employed* in the United States pursuant to § 274a.12(a)(5) of this chapter...." *Getahun*, 124 F.3d at 595 n. 3 (quoting 8 C.F.R. 208.20) (emphasis added). Here, Claimant has not been granted asylum, and the regulatory authorization to be employed does not apply. Although Claimant also asserts that his ties to the U.S. and his repeated grant of work authorization make him permanently residing under the color of law, similar to the claimant in *Gillar*, he still does not have a valid authorization to work, regardless of whether he is permanently residing under the color of law. Even if Claimant had demonstrated that he is in compliance with the requirements of Section 402.3 of the Law, he does not meet the burden of being available

Accordingly, the Board's order denying unemployment compensation benefits is affirmed.

## ORDER

**NOW,** July 6, 2006, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

for work under Section 401(d)(1) of the Law, which is the Section on which the Board relied.