**Grace J. MALL, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 2014.

Decided May 12, 2014.

Maripat Pileggi, Philadelphia, for petitioner.

Addie A. Abelson, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Grace J. Mall petitions for review of the March 22, 2013, final administrative order of the Department of Public Welfare's (DPW) Bureau of Hearings and Appeals (BHA), affirming the decision of an administrative law judge (ALJ) to sustain Mall's appeal in part and deny it in part. The ALJ concluded that Mall's appeal was timely filed and that Mall was ineligible for medical assistance (MA) benefits because her household income exceeded the MA income limit. We vacate the BHA's order and remand for further proceedings.

On March 7, 2012, Mall submitted an application for MA to the Philadelphia County Assistance Office (CAO). Mall is unemployed; her husband works as a baggage handler at Philadelphia International Airport. Both were 72 years old at the time of the application. Mall submitted with her application proof of her husband's earnings of $1,141 per month. On March 12, 2012, the CAO denied Mall's application because her husband's income exceeded the MA program limit for a two-person household.

Mall appealed to the BHA, which appointed an ALJ to conduct an evidentiary hearing. At the March 4, 2013, hearing, CAO caseworker Tamika DeBatt testified that she denied Mall's application because Mall's monthly household income exceeded the income limits for the TD and PD[1]

---

1. "TD" is defined as "General Assistance— Medically Needy Only"; "PD" is defined as

categories of MA. (N.T., 3/4/13, at 18–19, 23.) DeBatt also testified that DPW's Operations Memorandum 090603 (Operations Memorandum) provides that lawful, permanent residents are ineligible for federally funded categories of MA during their first five years in the United States. (*Id.* at 24–25.) DeBatt explained that because Mall had lived in the United States for fewer than five years at the time of her application, Mall could not be considered for the Healthy Horizons Categorically Needy Program (Healthy Horizons).[2] (*Id.* at 22–24, 27.)

On March 15, 2013, the ALJ issued an opinion and order upholding the denial of benefits and concluding that Mall's household income exceeded the income limits for state-funded TD and PD benefits. The ALJ acknowledged Mall's position that the CAO should have considered her eligibility for Healthy Horizons as follows:

> [Mall's counsel argued] that the only authority cited by the CAO for finding [Mall] ineligible in the Healthy Horizons category is the Operations Memorandum 090603 ... and that the cited Memorandum is not consistent with promulgated regulations in the Pennsylvania Code. [Mall's counsel] argued that there is no five-year waiting period in the Pennsylvania Code for lawful permanent residents. As stated in Operations Memorandum 090603, Section 403 of Title IV of the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA) of 1996 prohibits States from using federal funds to provide MA benefits to certain qualified aliens, including lawful permanent residents, during their first five years in the U.S. (Public Law 04–193 § 403(a); 8 U.S.C. § 1613(a)). However, she contended that PRWORA does not prohibit States from providing any type of MA benefit to qualified aliens, including lawful permanent residents, in their first five years in the U.S., despite the lack of federal funding to pay for those benefits.... She further argued that the funding source is irrelevant to the Pennsylvania Code's Healthy Horizons eligibility standards ... and therefore, [Mall] and her husband, whose income is below the [Healthy Horizons] income limit for two persons, should be approved for the [Healthy Horizons] category of MA.

(ALJ Op. at 5–6.) Ultimately, however, the ALJ declined to consider these issues, finding them "not relevant to [Mall's] eligibility determination, since a hearing officer may not render a decision on the validity of a Departmental regulation nor may [a hearing officer] invalidate or modify a Departmental regulation." (*Id.* at 10 (citing 55 Pa.Code § 275.4(h)(1)(iv)).)[3]

On March 22, 2013, the BHA issued a final administrative order affirming the ALJ's decision. Mall timely requested reconsideration with the Secretary of DPW, which was denied on May 1, 2013. Mall now petitions this court for review. We are unable to decide the merits of Mall's appeal, however, because the ALJ's adjudication fails to comply with the requirements of the Pennsylvania Code.

On appeal, Mall does not dispute her ineligibility for the TD and PD categories

---

"General Assistance—Nonmoney Payment." 55 Pa.Code § 101.2.

**2.** Healthy Horizons was established for "elderly/disabled persons who are otherwise eligible with family income up to 100% of the current Federal Income Poverty Guidelines and resources not exceeding the [social security income] resource standard for the appropriate family size." 55 Pa.Code § 140.201(a).

**3.** The remainder of the ALJ's decision addressed the timeliness of Mall's appeal to the BHA, which is not at issue here.

of MA. Rather, Mall contends that she is eligible for Healthy Horizons despite the fact that, at the time of her application, she had lived in the United States for fewer than five years. According to Mall, DPW's regulations do not condition an immigrant's eligibility for Healthy Horizons on his or her length of time in the United States or on the availability of federal funds. Mall also contends that the Operations Memorandum conflicts with DPW's regulations and, to the extent that DPW relied on the Operations Memorandum to deny her application, it is an invalid, unpromulgated regulation.[4]

Although Mall raised all of these issues before the ALJ, the ALJ did not address them, dismissing them as "not relevant." (ALJ Op. at 10.) To the contrary, we believe that they are not only relevant to Mall's eligibility determination, but they are also directly at issue. The only legal authority that the ALJ cited was 55 Pa. Code § 275.4(h)(1)(iv), which prohibits an ALJ from invalidating or modifying a DPW regulation. Yet the ALJ did not identify which, if any, regulation would need to be invalidated or modified in order to sustain Mall's appeal, nor can we discern any such regulation.

Pursuant to DPW's regulations, the ALJ was required to: "settle the issue or issues raised by the client in requesting a hearing and to produce a clear and definitive decision setting forth the findings of the Department," 55 Pa.Code § 275.1(b)(2); "determine the appropriate regulations that apply," 55 Pa.Code § 275.4(h)(1)(iii)(B); "determine the action that should be taken in relation to the established facts and correct application of Departmental regu-

lations," 55 Pa.Code § 275.4(h)(1)(iii)(C); and "[r]espond to reasoned arguments made by the parties," 55 Pa.Code § 275.31(d)(5). Here, the ALJ's decision provides no analysis of the facts or legal issues relating to Mall's eligibility for Healthy Horizons. Therefore, this court cannot conduct a meaningful appellate review.

Accordingly, we vacate the BHA's final administrative order and remand this matter to the BHA to direct the ALJ to make findings of fact and conclusions of law on the issue of Mall's eligibility for Healthy Horizons. In doing so, the ALJ shall identify the statutes, regulations, and other relevant authority relied upon in reaching her decision.

*ORDER*

AND NOW, this *12th* day of *May*, 2014, we hereby vacate the March 22, 2013, final administrative order of the Department of Public Welfare's Bureau of Hearings and Appeals (BHA) and remand this matter to the BHA to direct the administrative law judge to issue a new decision that specifically addresses Grace J. Mall's eligibility for medical assistance benefits under the Healthy Horizons Categorically Needy Program in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

**4.** In her brief, Mall also asserts that DPW violated her equal protection rights under the Fourteenth Amendment to United States Constitution. However, because Mall failed to include this issue in her petition for review,

we will not address it. *See Jimoh v. Unemployment Compensation Board of Review*, 902 A.2d 608, 611 (Pa.Cmwlth.2006); Pa. R.A.P. 1513(d).