IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugene Arthur,                              :
                        Petitioner          :
                                            :
              v.                            :
                                            :
Pennsylvania Board of Probation            :
and Parole,                                 :    No. 1835 C.D. 2014
                        Respondent          :    Submitted: July 17, 2015

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: December 23, 2015


           Eugene Arthur (Arthur), pro se, petitions for review of the Pennsylvania

Board of Probation and Parole's (Board) September 5, 2014 denial of his petition for

administrative review. The sole issue before the Court is whether the Board erred in

calculating his maximum sentence release date. After review, we affirm.

           In 1987, Arthur was sentenced to 9 to 20 years for third-degree murder,

robbery and criminal conspiracy. His maximum sentence release date was January

12, 2007. In 1989, Arthur pled nolo contendere to possessing a weapon or implement

for escape for which he was sentenced to 6 to 24 months, and his maximum sentence

release date was recalculated to January 12, 2009. Arthur was paroled on March 1,

1999. However, due to technical parole violations, he was recommitted to serve 9

months backtime. The Board reparoled Arthur on September 30, 2004.

           Due to Arthur's conviction for retail theft while on parole, by decision

issued October 11, 2006, the Board recommitted him as a convicted parole violator to

serve 6 months backtime, when available. By decision mailed December 11, 2006,

the Board notified Arthur that his maximum sentence release date was May 25, 2015,

but that he would be placed on the next available docket for reparole review. Arthur was reparoled on August 7, 2007.

On July 24, 2013, the Board lodged a detainer against Arthur for using controlled substances in violation of his parole. On September 19, 2013, the Philadelphia police arrested Arthur on charges stemming from allegations that he had sexually assaulted his 7-year-old niece in 2006. By decision issued January 14, 2014, the Board recommitted Arthur to serve 6 months for his July 24, 2013 parole violation, and stated that Arthur's May 25, 2015 maximum sentence release date was subject to change based upon his outstanding criminal charges. On January 24, 2014, Arthur was convicted of involuntary deviate sexual intercourse and corruption of minors and was sentenced to 3 to 6 years.

On February 24, 2014, after receiving the Board's Notice of Charges and Hearing based on his January 24, 2014 conviction, Arthur signed an admission and waived his right to a parole revocation hearing and counsel. On March 21, 2014, the Board recommitted Arthur as a convicted parole violator and denied him credit for time he spent at liberty on parole. By decision issued April 2, 2014, the Board recommitted Arthur as a convicted parole violator to serve 24 months backtime and recalculated his maximum sentence release date to September 15, 2021.

On April 25, 2014, Arthur appealed from the Board's decision, stating that the Board's extension of his maximum sentence release date beyond his judicially-imposed sentence violated his due process rights, and that the forfeiture of his supervision fees constituted cruel and unusual punishment and violated his rights to due process and equal protection. By decision mailed on September 5, 2014, the Board denied Arthur's request for administrative relief. Arthur appealed to this Court.[1]

_____

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of

2

Arthur argues that the Board erred in recalculating his maximum sentence release date. He specifically contends that the Board unlawfully and erroneously extended his original, judicially-imposed sentence from January 12, 2009 to May 25, 2015 to September 15, 2021, and that the increased punishment violated his due process rights, and the Cruel and Unusual Punishment and Double Jeopardy clauses of the United States and Pennsylvania Constitutions. *See* Arthur Br. at 5.

Initially, the law is well settled that issues not raised by a convicted parole violator in an administrative appeal to the Board within thirty days of the Board's order are waived for purposes of appellate review. *White v. Pa. Bd. of Prob. & Parole*, 833 A.2d 819 (Pa. Cmwlth. 2003); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092 (Pa. Cmwlth. 1993). Because Arthur did not timely appeal from the Board's 2006 recalculation of his maximum sentence release date to May 25, 2015, and since he did not raise his double jeopardy claim to the Board, he has waived those claims in this appeal and this Court may not now consider them.[2]

Accordingly, we review the Board's April 2, 2014 recalculation of Arthur's maximum sentence release date to September 15, 2021. Section 6138(a) of the Prisons and Parole Code (Parole Code) states, in pertinent part:

> (1) A parolee under the jurisdiction of the board released
> from a correctional facility who, during the period of parole

---

law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[2] Arthur asserted in his petition for review that his maximum sentence release date extension violated his due process rights, and the Cruel and Unusual Punishment clause, but did not raise a Double Jeopardy clause issue.

Further, Arthur argued to the Board and referenced in his petition for review his loss of the supervision fees he remitted to the Board during his forfeited parole, but failed to raise that issue in his brief. *See* Certified Record at 106-107; *see also* Pet. for Review at 5. "This Court, in *McDonough* [*v. Unemployment Comp. Bd. of Review*, 670 A.2d 749 (Pa. Cmwlth. 1996)] held that an issue raised in the [p]etition for [r]eview but not addressed in the petitioner's brief on appeal, was waived[.]" *Jimoh v. Unemployment Comp. Bd. of Review*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006).

or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole.**[3]

. . . .

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a) (emphasis added).

We recognize "that the Board is not permitted to impose backtime which exceeds the entire remaining balance of [a] parolee's unexpired term. The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) (citation omitted)).

---

[3] Effective September 4, 2012, Section 6138(a)(2) of the Parole Code was amended to give the Board discretion to award credit for time at liberty on parole, but not where, as here, the underlying criminal conviction requires sexual offender registration. *See* 61 Pa.C.S. § 6138(a)(2), (2.1)(i); *see also* 42 Pa.C.S. § 9799.14(d)(4); 18 Pa.C.S. § 3123.

However, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time,[4] regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).[5]

> In the instant case, the Board concluded, in pertinent part:

> When you were released on parole from your original sentence on August 7, 2007, your maximum sentence date was May 25, 2015, which left 2,848 days remaining to serve on your original sentence. . . . The Board lodged its warrant on July 24, 2013, due to violations of your parole. You were arrested on . . . case number OTN N8816183, and convicted on January 24, 2014. You were released to Pennsylvania authorities on January 24, 2014 and placed into SCI-Graterford in 'parole violator pending' status. The Board decision recorded March 25, 2014 recommitted you as a convicted parole violator[.]

---

[4] "'Street time' is a term which means the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[5] *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

> With the above facts in mind, as a convicted parole violator you automatically forfeited credit for all of the time that you spent on parole. *See* 61 P[a.C].S. § 6138(a)(2). You are not entitled to a back[]time served credit (i.e.[,] time that you were held solely on the Board's warrant prior to your recommitment order) because you were never incarcerated <u>solely</u> on the Board's warrant. *See Gaito* . . . . You received back time credit from July 24, 2013 (date Board's detainer lodged) to September 19, 2013 (date secure bail set at new charges) or 57 days. This is because the Board's detainer was the sole source of your incarceration during this time period. Applying 57 days to 2,848 days results in 2,791 days of back[]time owed (or 7 years, 7 months, 22 days). You became available to Pennsylvania authorities on January 24, 2014, when you were convicted at your new charges and released by Philadelphia County to Pennsylvania authorities. Adding 2,791 days to January 24, 2014 yields a new parole violation maximum date of September 15, 2021. Therefore, your parole violation maximum sentence date is correct.

Certified Record at 108-109. Finding no error in the Board's calculations, we hold that the Board did not improperly alter Arthur's judicially-imposed sentence, or violate his due process rights.[6]

---

[6] In light of this ruling that Arthur was not illegally detained and did not suffer an improper increase in his punishment, we need not address Arthur's Cruel and Unusual Punishment claim. Moreover, this Court has held that Section 21.1 of the former Parole Act which, like Section 6138(a) of the Parole Code,

> provides that parolees convicted of crimes while on parole shall not be given credit for street time, has withstood . . . constitutional challenges [for cruel and unusual punishment, double jeopardy and due process violations] in both federal and state appellate courts. *See U. S. ex rel. Lawson v. Cavell,* 425 F.2d 1350 (3rd Cir.[]1970); *Gaito* . . . ; *Jezick v.* [*Pa.*] *B*[*d.*] *of Prob*[. *&*] *Parole,* . . . 530 A.2d 1031 ([Pa. Cmwlth.] 1987).

*Monroe v. Pa. Bd. of Prob. & Parole*, 555 A.2d 295, 296 (Pa. Cmwlth. 1989).

6

For all of the above reasons, the Board's order is affirmed.

            _____

             ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eugene Arthur,                              :
                        Petitioner          :
                                            :
              v.                            :
                                            :
Pennsylvania Board of Probation             :
and Parole,                                 :     No. 1835 C.D. 2014
                        Respondent          :

O R D E R

AND NOW, this 23rd day of December, 2015, the Pennsylvania Board of Probation and Parole's September 5, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge