IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hamadou Souley,             :
                            :
           Petitioner   :
                            :
        v.              : No. 541 C.D. 2024
                            : Submitted:  May 6, 2025
Unemployment Compensation  :
Board of Review,         :
                            :
         Respondent :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  June 5, 2025

Hamadou Souley (Claimant), proceeding *pro se*, petitions for review of the March 4, 2024 order of the Unemployment Compensation Board of Review (Board) affirming an Unemployment Compensation Referee's (Referee) Determination finding that Claimant was ineligible for Pandemic Unemployment Assistance (PUA) benefits effective April 12, 2020, through September 4, 2021, pursuant to Section 2102(a)(3) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. §9021(a)(3), for failing to provide I-9 documentation that he was authorized to work in the United States (U.S.) and assessing non-fraud overpayments against him.  Upon review, we affirm.

## I. Background

On April 12, 2020, Claimant filed an application for PUA benefits with the Department of Labor and Industry (Department). Claimant received PUA benefits at the weekly benefit rate of $208 between April 12, 2020, and September 4, 2021. Referee's Op., 12/28/22, Finding of Fact (F.F.) No. 1.

On September 21, 2022, the Department issued a Pandemic Unemployment Disqualifying Determination (Disqualification Determination) upon determining that Claimant did not qualify for PUA benefits under Section 2102(a)(3) of the CARES Act for the weeks he received benefits. Certified Record (C.R.) at 33. The Disqualification Determination explained that Claimant failed to present proper form I-9 documentation to establish his availability to work in the U.S. as requested. The disqualification was effective from April 12, 2020, to September 4, 2021. *Id*. From this decision, Claimant timely appealed.

The Referee held a hearing on December 7, 2022, via telephone. Claimant answered the call but relayed that he did not receive advance notice of the hearing and was not available to proceed. The Referee confirmed Claimant's contact information and advised that the hearing would be continued and scheduled within two weeks. A hearing notice was sent to Claimant, at the contact information provided, notifying him that the second hearing would be held on December 27, 2022. On December 27, 2022, the Referee conducted a hearing, at which Claimant did not appear or provide testimony.

The Referee considered whether Claimant met the eligibility requirements for PUA benefits under the CARES Act for the period in question, whether Claimant received PUA and other benefits, Federal Pandemic Unemployment Compensation (FPUC) and Lost Wage Assistance (LWA), to which

2

he was not entitled, and whether Claimant committed fraud in order to receive the benefits at issue. Referee's Op. at 2.

Based upon the Department's certified records, the Referee found that Claimant filed for PUA benefits with an effective date of April 12, 2020. Claimant received PUA benefits for claim weeks ending April 18, 2020, through March 6, 2021, in the amount of $9,776.00 for those weeks. F.F. No. 2. In addition, Claimant received FPUC supplemental benefits for claim weeks ending April 18, 2020, through July 25, 2020, in the total amount of $9,000.00 based on the PUA claim effective April 12, 2020. F.F. No. 3. Claimant received LWA supplemental benefits in the total amount of $1,800.00 for the claim weeks ending August 1, 2020, through September 5, 2020, based on the PUA claim. F.F. No. 4. Claimant also received supplemental FPUC benefits for the claim weeks ending January 2, 2021, through March 6, 2021, based on the PUA claim. F.F. No. 5. Claimant did not provide sufficient evidence to establish that he was authorized to work in the U.S. F.F. No. 6. Claimant did not appear at the appeal hearing in this matter to present any testimony or evidence. F.F. No. 6.

Ultimately, the Referee concluded that Claimant was not eligible for PUA benefits under Section 2102(a)(3) of the CARES Act for the weeks in question because he did not establish that he was authorized to work in the U.S. Because Claimant was ineligible for PUA benefits for the weeks at issue, the Referee also concluded that Claimant was also ineligible for supplemental benefits. The Referee found no evidence of fraud. By decision dated December 28, 2022, the Referee affirmed the Department's notices of determination and assessed the following non-fraud overpayments:

A non-fraud over-payment of PUA benefits exists in the total amount of $9,776.00 for the claim weeks ending April 18, 2020[,] through March 6, 2021[,] . . . .

A non-fraud over-payment of FPUC benefits exists in the total amount of $9,000.00 for the claim weeks ending April 18, 2020[,] through July 25, 2020[,] . . . .

A non-fraud over-payment of FPUC benefits exists in the total amount of $3,000.00 for the claim weeks ending January 2, 2021[,] through March 6, 2021[,] . . . .

A non-fraud over-payment of LWA benefits exists for the claim weeks ending August 1, 2020[,] through September 5, 2020[,] in the total amount of $1,800.00 . . . .

Referee's Op. at 7.

Claimant timely appealed the Referee's Determination to the Board. He asserted that he was misled as to the scheduled time of the Referee's hearing. The Board adopted and incorporated the Referee's findings of fact and conclusions of law as its own. The Board found that, although Claimant was notified of the time and place of the Referee's hearing, Claimant failed to appear. The notice of hearing was mailed to Claimant at his last known post office address and was not returned by postal authorities, and Claimant did not request a continuance. The Board noted that the hearing had already been rescheduled once due to Claimant's unavailability. The Board did not find Claimant credible that he was misled as to the scheduled time of the rescheduled hearing. Ultimately, the Board concluded that Claimant was ineligible for benefits under the CARES Act. Thus, by decision dated March 4, 2024, the Board affirmed the Referee's Determination of ineligibility, denied benefits, and assessed a non-fraud PUA overpayment of $9,776.00, a non-fraud FPUC overpayment of $12,000.00 ($9,000.00 plus $3,000), and a non-fraud LWA

4

overpayment of $1,800.00, for a total of $23,576.00.[1]  Claimant now petitions this Court for review.[2]

## II. Issues

On appeal, Claimant challenges the determination of ineligibility for PUA benefits.  Claimant also contends that he was denied the opportunity to testify and present evidence regarding his eligibility, which is a due process claim.

### III. Discussion
### A. Eligibility

In response to the COVID-19 Pandemic, the U.S. Congress passed the CARES Act which, *inter alia*, created the PUA program.  The PUA program provides benefits to claimants who are not eligible for regular unemployment compensation or extended benefits under State or Federal law.  Section 2102(a)(3)(A)(i) of the CARES Act, 15 U.S.C. §9021(a)(3)(A)(i).  To qualify as a "covered individual" eligible for PUA benefits, a claimant must "provide self-certification that [he] . . . is otherwise able to work and available for work within the meaning of applicable State law, except the individual is "*unemployed, partially unemployed*, or unable or unavailable to work" because of a COVID-19-related reason listed in the statute.  15 U.S.C. §9021(a)(3)(A)(ii)(I).

---

[1] Because Claimant's overpayments were nonfraudulent, the Board advised Claimant to contact the UC Service Center should he wish to pursue a waiver of the overpayments.  Board Op., 3/4/24, at 1.

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated.  2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

Section 401(d)(1) of the Unemployment Compensation Law (Law)[3] provides that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work . . . . In *Ruiz v. Unemployment Compensation Board of Review*, 911 A.2d 600, 605 (Pa. Cmwlth. 2006), this Court held that, "under Section 401(d)(1) of the Law, an alien without current, valid [U.S. Citizenship and Immigration Services] work authorization, is not legally available for work, and therefore, not eligible for unemployment compensation benefits." *See Jimoh v. Unemployment Compensation Board of Review*, 902 A.2d 608, 612 n.7 (Pa. Cmwlth. 2006) (noting in dicta that the claimant was not available for work where his work authorization expired and his application for renewal of that authorization was pending); *but see Edwards v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2100 C.D. 2009, filed January 21, 2011)[4] (distinguishing *Ruiz* and *Jimoh* where the claimant had a valid employment authorization and was available for work).

Here, Claimant failed to provide documentation to show that he was authorized to work in the U.S. The record shows that Claimant's alien registration expired on November 9, 2020,[5] and on July 12, 2021, the Department sent Claimant

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1).

[4] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[5] According to U.S. Immigration and Services, alien registration "is not an immigration status, and registration documentation does not create an immigration status, establish employment authorization, or provide any other right or benefit under the [Immigration and Nationality Act (INA) (8 U.S.C. §1302)] or any other U.S. law." *See* https://www.uscis.gov/alienregistration (last visited: 6/4/25).

an email requesting him to provide documentation to show that he is a lawful U.S. resident and authorized to work in the U.S. C.R. at 14. The email provided examples of documentation that Claimant could provide to satisfy the request, such as a Permanent Resident Card or Alien Registration Receipt Card (a.k.a, a Green Card). *Id*. Claimant failed to provide necessary documentation to show that he was authorized to work in the U.S. Consequently, the Board did not err in finding Claimant ineligible for PUA and supplemental benefits.

## B. Due Process

Claimant asserts that he was denied the opportunity to be heard before a decision was rendered. According to Claimant, he "called back" and "sent a message before time frame stated in the notice." Petitioner's Brief at 7.

"Due process requires notice and an opportunity to present evidence and legal argument." *Massie v. Unemployment Compensation Board of Review*, 255 A.3d 702, 708 (Pa. Cmwlth. 2021). At the first hearing on December 7, 2022, the Referee reached Claimant by telephone. At Claimant's request, the Referee agreed to continue the hearing, confirmed Claimant's contact information, and advised that the second hearing would be scheduled in approximately two weeks. C.R. at 73. On December 8, 2022, a second "Notice of Telephone Hearing PUA Appeal" was issued to Claimant scheduling the second hearing for December 27, 2022, at 8:30 a.m. *Id*. at 80-89. On December 27, 2022, the Referee conducted the second hearing. The Referee attempted to call Claimant three separate times: 8:44 a.m., 8:46 a.m., and 8:47 a.m. Claimant did not answer the call. *Id*. at 92. The Referee temporarily suspended the hearing to give Claimant an opportunity to call back, which he did not do. *Id*. At 9:10 a.m., the Referee conducted the hearing without Claimant,

admitted the Department's certified records, and adjourned the hearing at 9:13 a.m. *Id.* at 92-93. Insofar as Claimant asserted that he tried calling and was misled about the scheduled time, the Board did not find Claimant's explanation credible. Such credibility determinations are for the Board, as the fact finder, and are beyond our review. *Pierce-Boyce v. Unemployment Compensation Board of Review*, 289 A.3d 130, 135 (Pa. Cmwlth. 2022). Upon review, Claimant was afforded the opportunity to be heard and present testimony and evidence in support of his appeal.

## IV. Conclusion

Upon review, we conclude that the Board properly determined that Claimant was ineligible for PUA and supplemental benefits for the period of April 12, 2020, through September 4, 2021, based on Claimant's failure to provide proof of availability for work. Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hamadou Souley, :
 :
               Petitioner :
 :
       v. : No. 541 C.D. 2024
 :
Unemployment Compensation :
Board of Review, :
 :
           Respondent :

O R D E R

AND NOW, this 5<u>th</u> day of June, 2025, the order of the Unemployment Compensation Board of Review, dated March 4, 2024, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge