# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Viviana Valdez Batista, : CASES CONSOLIDATED
          Petitioner :
             :
       v. : No. 978 C.D. 2023
             :
Unemployment Compensation Board :
of Review, :
          Respondent :


Viviana Valdez, :
          Petitioner :
             :
       v. : No. 979 C.D. 2023
             : No. 980 C.D. 2023
Unemployment Compensation Board : No. 981 C.D. 2023
of Review, : No. 982 C.D. 2023
          Respondent : No. 983 C.D. 2023
             : No. 984 C.D. 2023
             : No. 985 C.D. 2023
             : Submitted: June 3, 2025

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge (P.)
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: September 12, 2025

In these consolidated appeals, Viviana Valdez (Claimant) petitions for review, *pro se*, of eight Orders of the Unemployment Compensation Board of Review (Board), each dated July 17, 2023, which dismissed her appeals as untimely under Section

501(e) of the Pennsylvania Unemployment Compensation Law (Law)[1] because Claimant filed her appeals with the Board more than 21 days after the Referee issued his decisions. We are constrained to affirm the Board's Orders.

## I. BACKGROUND

Following her separation from employment with Optum Services, Inc., Claimant applied for regular unemployment compensation (UC), pandemic emergency unemployment compensation (PEUC), and mixed earners unemployment compensation (MEUC) benefits. The Department of Labor and Industry (Department) denied regular UC benefits under Section 402(b) of the Law, 43 P.S. § 802(b), and found Claimant liable for fault overpayments totaling $11,518 under Section 804(a) of the Law, 43 P.S. § 874(a). The Department also denied PEUC and MEUC benefits. The Department issued each of those decisions on August 30, 2022.

On October 6, 2022, Claimant filed eight appeals with the Referee. The Referee scheduled a hearing for December 1, 2022, but Claimant did not appear at the hearing.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). Section 501(e) of the Law provides:

> **Unless the claimant** or last employer or base-year employer of the claimant **files an appeal with the [B]oard,** from the determination contained in any notice required to be furnished by the [D]epartment [of Labor and Industry (Department)] under [S]ection [501](a), (c) and (d)[ of the Law], **no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final** and compensation shall be paid or denied in accordance therewith.

*Id.* (emphasis added); *see also* Section 502(a) of the Law, 43 P.S. § 822(a) (stating that the referee's decision "**shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, no later than twenty-one days after the 'Decision Date'** provided on such decision or the [B]oard acts on its own motion[] to review the decision of the referee") (emphasis added).

2

On December 2, 2022, the Referee issued eight Orders dismissing Claimant's appeals as untimely under Section 501(e) of the Law. (Bd.'s Findings of Fact (FOF) ¶ 1.) The Referee concluded:

> [T]he evidence shows that the [Department] issued [its] notice[s] of determination, advising [C]laimant that the last day to file a timely appeal was September 20, 2022. There is no evidence in the record to suggest that the notice[s] w[ere] returned by the postal authorities as being undeliverable. The evidence in the record shows that [C]laimant filed [her] appeal[s] on October 6, 2022, which w[ere] untimely. **[C]laimant was not present at the hearing to show that [she] filed [her] untimely appeal[s] due to fraud, a breakdown in the administrative process, or due to non-negligent reasons. As such, [C]laimant's appeal[s] cannot be considered timely filed and must be dismissed.**

(Certified Record (C.R.) at 60 (emphasis added).)

The Referee mailed copies of his decisions to Claimant on December 2, 2022, via United States mail, which was Claimant's preferred notification method. (Bd.'s FOF ¶ 2.) Each decision was accompanied by a notice advising Claimant that she had 21 days from that date to file a valid appeal. (*Id.* ¶ 3.) There is no indication in the record that the Referee's decisions were returned as undeliverable. (*Id.* ¶ 4.) Claimant's appeals from the Referee's decisions had to be filed on or before December 23, 2022, in order to be considered timely. (*Id.* ¶ 5.)

Claimant filed her appeals with the Board via email on December 25, 2022. (*Id.* ¶ 6; *see* C.R. at 72.) In her email to the Board, Claimant stated:

> I have tried to appeal online but not successfully[.] I have a lot of medical problem[s] and visit the doctor and have to travel with an emergency[.] I was admitted to the hospital on December 14th and I gave [sic] intestin[al] surgery done on December 16th and [was] discharged on Dec[ember] 20th and still recover[ing] back home.
>
> I still have to stay here by January 15th and I have [a] large medical bill that I have to pay here in Dominican Republic and also have a large medical bill for [an] ER visit on November 7th in Saint Luke's [H]ospital in [the] USA. I wasn't fe[e]ling good since the[n].

3

I need some help[.] I'm not afford [sic] to repay back because financially I'm not able to cover even my expenses with all the medical bill[s] that I have right now.

Please sen[d] me any information by email I'm not getting correspondence while I'm outside[.]

(C.R. at 72.) Claimant attached to her email several documents, including what appear to be physicians' reports and an invoice, all written in Spanish, from a medical facility in the Dominican Republic. (*See id.* at 74-76.)

On December 29, 2022, the Board mailed Claimant a letter advising her that her appeal was filed late. (Bd.'s FOF ¶ 7; C.R. at 83.) The letter further advised Claimant:

If you believe that you filed your appeal within the [21-]day period or that it should be deemed timely for other reasons, **you must request in writing that a hearing be scheduled** to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. Please mail your request to the Board at the above letterhead address. Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

Unless the Board receives a reply, **specifically requesting a hearing on the timeliness issue**, postmarked *by January 13, 2023*, [the Board] will proceed to issue an appropriate order. This may result in the dismissal of your appeal, in which case the [R]eferee's decision becomes final and binding on all parties.

(C.R. at 83 (bold and italics in original).) Claimant did not respond to the Board's letter. (Bd.'s FOF ¶ 8; *see* C.R. at 83 (the Board's letter bears a handwritten notation stating, "No Reply 1/21/23").)

On July 17, 2023, the Board issued eight Orders dismissing Claimant's appeals as untimely. The Board explained:

Section 502[(a)] of the . . . Law [] provides that unless an interested party institutes an appeal to the Board from the Referee's decision within [21] days after its mailing date, the decision shall be deemed a final decision

of the Board. An appeal to the unemployment compensation authorities is timely if it is filed on or before the last day to appeal. **The last day to file an appeal from th[e Referee's] decision[s] was December 23, 2022. [C]laimant filed [her] appeal[s] on December 25, 2022.** The provisions of [S]ection [502(a)] of the Law are mandatory, and **the Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein.**

Pursuant to [the Board's regulation at] 34 Pa. Code § 101.61[(a)],[2] the appeals of parties who are notified in writing by the Board that their appeals appear to be untimely and who do not reply or request a hearing on the issue of timeliness within 15 days shall be dismissed. Here, **[C]laimant has not responded and has not requested a hearing after proper notification from the Board.**

(C.R. at 86 (emphasis added).)

Claimant timely petitioned this Court for review of the Board's Orders.

## II. ANALYSIS

The sole issue before this Court is whether Claimant filed timely appeals from the Referee's decisions to the Board, as that was the only issue addressed by the Board in each case.

In her Petitions for Review and appellate brief, Claimant addresses the merits of her underlying appeals but does not specifically address the timeliness of her appeals to the Board, other than to ask this Court, in the "Conclusion" section of her brief, to

---

[2] This regulation provides in relevant part:

If . . . an application for further appeal appears to have been filed beyond the applicable time limit, the tribunal shall advise the appealing party in writing that it appears not to have a jurisdiction because of the late filing, and that the appeal or application for further appeal **will be dismissed without a hearing unless the appealing party notifies the tribunal in writing within the succeeding 15 days from the date of such notice, that he contends the appeal or application for further appeal was timely filed and that he desires a hearing. If no reply from the appealing party is received within the 15-day period, or if the appealing party does not request a hearing, the tribunal shall dismiss the appeal or application for further appeal.**

34 Pa. Code § 101.61(a) (emphasis added).

5

"reduce dismissal of the case if possible." (Claimant's Br. at 2.) Claimant focuses her argument in her brief on the merits of her claims, arguing that the Department wrongly denied her claims for benefits and that she should not be liable for any overpayments because, due to her recent health struggles, she "do[es] not have the resources to reimburse unemployment for a mistake that . . . they made." (*Id.* at 1-2.) Claimant explains: "I had colon cancer surgery and chemotherapy and I spent a lot of money that I didn't even have and that I'm still paying[] and trying to recover but thank God I have survived stage 3 colon cancer." (*Id.* at 2.) The Board, however, did not reach the merits because it concluded that Claimant's appeals were untimely and, therefore, it lacked jurisdiction to consider them. The Board based its dismissal of the appeals specifically on Claimant's failure to respond to its December 29, 2022 letter and failure to file a written request for a hearing on timeliness by January 13, 2023. (Bd.'s FOF ¶¶ 7-8; C.R. at 86.) We are troubled by the Board's dismissal of Claimant's appeals on this basis, given the unique circumstances of this case.

In her written appeal to the Board, filed by email two days after the appeal deadline, Claimant stated that she "tried to appeal online but not successfully" and, more importantly, explained that she was presently in the Dominican Republic recovering from colon cancer surgery. Claimant stated:

> I was admitted to the hospital on December 14th and I gave [sic] intestin[al] surgery done on December 16th and [was] discharged on Dec[ember] 20th **and still recover[ing] back home**.
>
> **I still have to stay here by January 15th and I have [a] large medical bill that I have to pay here in Dominican Republic** and also have a large medical bill for [an emergency room] visit on November 7th in Saint Luke's [H]ospital in [the] USA. I wasn't fe[e]ling good since the[n].

(C.R. at 72 (emphasis added).) It appears from these statements that, as of December 25, 2022, Claimant was out of the country in the Dominican Republic. Claimant also

6

asked the Board to "[p]lease sen[d] [her] any information by **email**" because she was "not getting correspondence while [she was] outside" the country. (*Id.* (emphasis added).) Based on these averments, the Board could have treated Claimant's email as a request to proceed with her appeals *nunc pro tunc* and could have scheduled a hearing on the timeliness of her appeals at that time, to give Claimant the opportunity to present testimony and evidence regarding the circumstances surrounding the filing of her late appeal. Instead, on December 29, 2022, the Board mailed to Claimant's **Pennsylvania address** a form letter directing her to file a **separate written request for a hearing** on timeliness by **January 13, 2023**. It is not surprising that Claimant did not respond to the Board's letter, as her email indicated that she expected to be out of the country until **January 15, 2023**.

Unfortunately, however, Claimant does not address the timeliness of her appeals **to the Board** before this Court.[3] Our case law is clear that when untimeliness is the only basis on which the Board dismisses an appeal, the appealing party must address timeliness in the petition for review and appellate brief in order to preserve issues for this Court's review. *See Jimoh v. Unemployment Comp. Bd. of Rev.*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006) ("[W]hen a party appeals, but fails to address an issue in the [appellate] brief, the issue is waived."); *Tyler v. Unemployment Comp. Bd. of Rev.*, 591 A.2d 1164, 1167 (Pa. Cmwlth. 1991) (same); *Cunningham v. Unemployment Comp.*

---

[3] In her Petition for Review, Claimant states that she was "unable to atten[d] to the court on December 2017 because [she] was very sick" and had surgery "five days later." (Pet. for Rev. at 1-2.) Although it is unclear, it appears that Claimant may be referring to her failure to attend the Referee's hearing on December 1, 2022, which resulted in the Referee's dismissal of her appeals as untimely. Even if that is the case, however, Claimant does not explain to this Court why she filed her appeals **with the Board** two days after the appeal deadline. Claimant also states in her Petition for Review that she is "getting treatment for colon cancer in the Dominican Republic," suggesting that she was still out of the country at that time. (*Id.* at 2; *see also* Claimant's Pro Se Appeal Letter at 1 ("Right now I'm not working because I'm getting the chemotherapy [in the] Dominican Republic . . . .").) We note that both the pro se appeal letter (filed in July 2023) and the Petition for Review (filed in September 2023) were mailed via United States Postal Service from Emmaus, Pennsylvania.

*Bd. of Rev.*, (Pa. Cmwlth., 1646 C.D. 2023, filed May 6, 2025), slip op. at 6 ("[The c]laimant does not address, let alone provide good cause for, the untimeliness of his appeal from the referee's decision to the Board, which is the jurisdictional hurdle he needed to overcome to get to his underlying claim. Consequently, the issue is waived."); *Pitsikoulis v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., 535 C.D. 2021, filed Dec. 19, 2022), slip op. at 6 ("[The c]laimant does not explain why her appeal was filed late, nor does she argue any applicable exception. Because [the c]laimant fails to address or develop any argument on the only issue before this Court, we conclude that she has waived the issue."); *Salamon v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 597 C.D. 2019, filed June 8, 2020), slip op. at 7 (holding that where "untimeliness was the only basis on which the Board dismissed [the c]laimant's appeal," and the claimant did not address that issue in either his petition for review or brief, the claimant "failed to preserve any issue for this Court's review").[4]

Because untimeliness was the only basis on which the Board dismissed Claimant's appeals, and Claimant does not address timeliness in her Petitions for Review or appellate brief, we are constrained by our case law to conclude that she has not preserved any issues for our review.

## III. CONCLUSION

Accordingly, because Claimant does not address the timeliness of her appeals to the Board before this Court, we are constrained to affirm the Board's Orders.

_____
RENÉE COHN JUBELIRER, President Judge

---

[4] Under Section 414(a) of this Court's Internal Operating Procedures, we may cite unreported memorandum decisions of this Court, issued after January 15, 2008, for their persuasive value. 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Viviana Valdez Batista, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | No. 978 C.D. 2023 |
| | : | |
| Unemployment Compensation Board of Review, | : | |
| | : | |
| Respondent | : | |

| | | |
|---|---|---|
| Viviana Valdez, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 979 C.D. 2023 |
| | : | No. 980 C.D. 2023 |
| Unemployment Compensation Board of Review, | : | No. 981 C.D. 2023 |
| | : | No. 982 C.D. 2023 |
| Respondent | : | No. 983 C.D. 2023 |
| | : | No. 984 C.D. 2023 |
| | : | No. 985 C.D. 2023 |

# **O R D E R**

**NOW**, September 12, 2025, the Orders of the Unemployment Compensation Board of Review, dated July 17, 2023, in these consolidated appeals are hereby **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge