**Libardo Estrada RUIZ, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 2006.

Decided Nov. 20, 2006.

---

Libardo Estrada Ruiz, petitioner, pro se.

Cathy A. Rothaug, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

In this case of first impression, we consider whether a resident alien's expired work authorization renders him ineligible for unemployment compensation benefits under Section 401(d)(1) of the Unemployment Compensation Law (Law) (regarding being able and available for work).[1] Libardo Estrada Ruiz (Claimant), a resident alien, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that denied benefits. Agreeing with the Board, we hold an alien without current, valid work authorization, is not legally available for work, and, therefore, is not eligible for unemployment compensation benefits.

Claimant initially resided in Columbia, South America, and immigrated to the United States 14 years ago. While living in Pennsylvania, the United States Bureau of Citizenship and Immigration Services (USCIS) issued Claimant a work authorization card (green card).

In June 2005, Claimant moved to Texas and secured short-term employment. However, Claimant voluntarily quit the job because his girlfriend experienced complications with a pregnancy, and he returned to Pennsylvania to care for her.

Consequently, Claimant filed for unemployment compensation benefits in Pennsylvania, which were initially denied. A referee reversed the initial denial of benefits under Section 402(b) of the Law, 43 P.S. § 802(b) (regarding necessitous and compelling cause for voluntarily terminating employment), stating Claimant "had extenuating personal reasons for leaving his job ... and his leaving was for a compelling and necessitous reason." Referee Op. at 1. The Bureau of Unemployment Compensation Benefits & Allowances appealed.

On appeal, the Board found as follows. Claimant had a green card issued by the USCIS. In December 2005, Claimant worked in Texas and requested the Texas USCIS office renew his green card. Because the Pennsylvania USCIS office maintained Claimant's work authorization file, the Texas USCIS office refused to renew Claimant's green card.

Thereafter, in January 2006, Claimant returned to Pennsylvania. The USCIS refused Claimant's second application for renewal of his green card, which ultimately expired on February 2, 2006.

While again requesting USCIS work authorization renewal, Claimant filed for unemployment compensation benefits for the period of February 18 to March 18, 2006.

1. Act December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

During this period, Claimant's green card remained expired. Bd. Op., Finding of Fact (F.F.) No. 7.

Citing the United States Department of Labor's Unemployment Insurance Program Letter No. 1–86, 51 Fed.Reg. 29713–01, the Board determined Claimant was not able and available for work under Section 401(d)(1) of the Law because he was not authorized by USCIS to work during the period for which he sought benefits. Accordingly, it denied benefits.

■ Claimant appeals here,[2] and argues the expiration of his green card does not render him legally unavailable for work. More specifically, Claimant asks this Court why he should be denied benefits when the USCIS took its time to renew ID's, which resulted in expiration of his green card.

■ Pursuant to Section 401(d)(1) of the Law, "compensation shall be payable to any employe[e] who is or becomes unemployed, and who ... [i]s able to work and available for suitable work...." 43 P.S. § 801(d)(1). A claimant who registers for unemployment compensation benefits is presumed able and available for work. *GTE Prods. Corp. v. Unemployment Comp. Bd. of Review,* 141 Pa.Cmwlth. 628, 596 A.2d 1172 (Pa.Cmwlth.1991). Nevertheless, to be available for work, a claimant must be ready and able to accept employment, and be actually and currently attached to the labor force. *Pifer v. Unemployment Comp. Bd. of Review,* 163 Pa. Cmwlth. 62, 639 A.2d 1293 (1994). It is

not necessary that a job vacancy exist, only that the market exists. *Penn Hills Sch. Dist. v. Unemployment Comp. Bd. of Review,* 496 Pa. 620, 437 A.2d 1213 (1981). Thus, a claimant must minimally show he is able to do some type of work, and that there is a reasonable opportunity for securing such work. *Id.*

■ Immigration is a matter of exclusive federal jurisdiction. Accordingly, where the USCIS denies or revokes an alien's work authorization, the determination is binding on the states and can be assailed only before a federal agency or in a federal court. *See DeCanas v. Bica,* 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976); *Mukadam v. U.S. Dep't of Labor, Employment & Training Admin.,* 458 F.Supp. 164 (S.D.N.Y.1978). In addition, the USCIS is empowered to limit an alien's work authorization to a specific period. 8 C.F.R. § 274a.12(c). As a result, an alien's work authorization *automatically* expires on the expiration date specified on a green card. 8 C.F.R. § 274a.14(a)(1)(i).

Significantly, when an alien does not possess a current or valid USCIS work authorization, he cannot accept employment. 8 C.F.R. § 274a.12(c). Moreover, it is unlawful for an employer to hire, recruit, or continue to employ an alien who is (or has become) an "unauthorized alien."[3] 8 U.S.C. § 1324a(a)(1)-(2).

While Pennsylvania law does not explicitly address the situation here, several other jurisdictions interpret the "able and

---

**2.** Our review in unemployment compensation cases is limited to determining whether findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Deal v. Unemployment Comp. Bd. of Review,* 878 A.2d 131 (Pa.Cmwlth.2005).

The Board is the fact-finder in unemployment compensation cases. *Renda v. Unem-*

ployment Comp. Bd. of Review, 837 A.2d 685 (Pa.Cmwlth.2003), *pet. for allowance of appeal denied,* 581 Pa. 685, 863 A.2d 1151 (2004).

**3.** An unauthorized alien is a non-U.S. citizen who does not hold a current or valid employment authorization. 8 U.S.C § 1324a(h)(3)(B).

available" requirement of their states' unemployment laws to require resident aliens hold current and valid USCIS work authorization to be legally available for work, and, therefore, eligible for unemployment compensation benefits. *Alonso v. State,* 50 Cal.App.3d 242, 123 Cal.Rptr. 536 (1975); *Duenas–Rodriguez v. Indus. Comm'n,* 199 Colo. 95, 606 P.2d 437 (Colo.1980) (*en banc* ); *Alfred v. Florida Dep't of Labor & Employment Sec., Unemployment Appeals Comm'n,* 487 So.2d 355 (Fla.Dist.Ct. App.1986); *Lepiani v. Bd. of Review, Dep't of Labor & Indus.,* 169 N.J.Super. 72, 404 A.2d 318 (1979); *In re Enrique,* 13 A.D.3d 967, 786 N.Y.S.2d 661 (N.Y.App.Div.2004).[4]

■ In addition, the United States Department of Labor similarly interprets the states' unemployment compensation laws, stating:

"Able and Available" Requirement. Under the laws of all States, a claimant must be "able and available" to work to be eligible for unemployment compensation. In addition to meeting other State availability requirements, an alien must be legally authorized to work in the United States to be considered "available for work." *Therefore, an alien without current, valid authorization to work from the [USCIS] is not legally available for work and not eligible for benefits.*

Unemployment Insurance Program Letter No. 1–86, 51 Fed.Reg. 29713–01, at 4 (clarifying Section 3304(a)(14)(A) of the Federal Unemployment Tax Act, 26 U.S.C. § 3304(a)(14)(A), regarding the eligibility of aliens for unemployment compensation) (Department Letter) (emphasis added). The Department's interpretation of the "able and available" requirement is enti-

tled to deference. *See Watkins v. Cantrell,* 736 F.2d 933 (4th Cir.1984); *Rivera v. Becerra,* 714 F.2d 887 (9th Cir.1983).

Recently, we cited with approval the Department Letter in *Jimoh v. Unemployment Compensation Board of Review,* 902 A.2d 608 (Pa.Cmwlth.2006). In *Jimoh,* a claimant petitioned for review of a Board order denying benefits under the Law because his green card expired. Claimant argued he was available for employment. We did not consider the argument because Claimant failed to raise it in his petition for review. Nevertheless, in *dictum* we stated:

Even if the Court were to address the merits ... the [c]laimant would not prevail. . . .

In its brief, the Board cites [the Department Letter]. This letter sets out the Department's interpretation of the "able and available" requirement, which the laws of all states contain. Under its interpretation, "an alien must be legally authorized to work in the United States to be considered 'available for work.' Therefore, an alien without current, valid authorization to work from the [USCIS] is not legally available for work and not eligible for benefits". . . . [Thus, claimant] d[id] not meet the burden of being available for work under Section 401(d)(1) of the Law. . . .

*Id.* at 612, n. 7.

This conclusion is consistent with our Supreme Court's recent decision in an analogous area of administrative law, workers' compensation. In *Reinforced Earth Company v. Workers' Compensation Appeal Board (Astudillo),* 570 Pa. 464, 810 A.2d 99 (2002), the Court considered whether an employer was required to

---

4. *Contra Flores v. Dep't of Jobs & Training,* 411 N.W.2d 499 (Minn.1987); *Carillo v. Employment Div.,* 88 Or.App. 204, 744 P.2d 1304 (1987). Notably, in both *Flores* and *Carillo,* the Courts pointed out 8 U.S.C. § 1324a(a)(1)-

(2), which makes it unlawful for an employer to hire an unauthorized alien, was inapplicable because it was not in effect when the petitioners' claims for unemployment benefits were filed.

 

show job availability in order to suspend the benefits of an unauthorized alien. Noting that pursuant to federal law an unauthorized alien cannot apply for or accept lawful employment, the Court held an employer seeking to suspend the benefits of an unauthorized alien need not show the existence of job availability. More recently, in *Mora v. Workers' Compensation Appeal Board*, 845 A.2d 950, 954 (Pa.Cmwlth. 2004), this Court further explained: "By stating that no job availability need be shown, what our Supreme Court, in effect, held is ... it is going to be presumed [an unauthorized alien] cannot work in this country...."

■ In sum, based on federal statutory law and regulations, case law from other jurisdictions, the Department Letter, *Jimoh*, and our Supreme Court's analogous ruling in *Reinforced Earth*, we hold, under Section 401(d)(1) of the Law, an alien without current, valid USCIS work authorization, is not legally available for work, and, therefore, not eligible for unemployment compensation benefits.

Here, the USCIS elected not to process two green card renewal requests filed by Claimant. These determinations are binding here. *DeCanas*. In addition, Claimant's green card *automatically* expired on February 2, 2006, and it remained expired for the period Claimant sought benefits. 8 C.F.R. § 274a.14(a)(1)(i); F.F. No. 7. As a

result, Claimant could not accept employment, and employers could not hire, recruit, or continue to employ him during the period he sought benefits. 8 U.S.C. § 1324a(a)(1)-(2); 8 C.F.R. § 274a.12(c). Thus, Claimant is ineligible for unemployment compensation benefits under Section 401(d)(1) of the Law.

■ Accordingly, the Board is affirmed.[5]

### *ORDER*

AND NOW, this 20th day of November, 2006, the order of the Board is **AFFIRMED**.

---

5. Claimant also asserts the Board's findings are not supported by substantial evidence. When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue. *Am. Rock Mech., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Tech.)*, 881 A.2d 54 (Pa. Cmwlth.), *pet. for allowance of appeal denied*, 586 Pa. 741, 891 A.2d 734 (2005). Here, Claimant states "[t]he Board findings are not supported by substantial evidence." Claimant fails to indicate what findings are not supported by substantial evidence, or cite any

authority to support his position. Thus, we will not consider this issue.

In addition, Claimant advocates the referee's finding that his reason for quitting a temporary job in Texas is compelling and necessitous. Again, Claimant merely recites facts. *Am. Rock Mech., Inc.* Nevertheless, even if Claimant's reason for quitting was compelling and necessitous, he is nonetheless ineligible for benefits. *See Rodrigo v. Unemployment Comp. Bd. of Review*, 38 Pa.Cmwlth. 593, 393 A.2d 1311 (1978) (employee terminating his employment for a necessitous and compelling reason is ineligible for benefits if he is unavailable for suitable work).