IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cuijin Zhao,                 :
:
             Petitioner    :
:
         v.               : No. 399 C.D. 2023
                      : Submitted: May 7, 2024
Unemployment Compensation   :
Board of Review,          :
:
           Respondent :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: June 6, 2024


        Cuijin Zhao (Claimant) petitions for review, *pro se*, of the March 7, 2023 Order of the Unemployment Compensation Board of Review (Board) affirming the Referee's decision which found Claimant ineligible for pandemic unemployment assistance (PUA) benefits and federal pandemic unemployment compensation (FPUC) benefits. Additionally, the Referee found Claimant liable for a non-fraud overpayment of PUA benefits in the amount of $4,875.00 and a non-fraud overpayment of FPUC benefits in the amount of $7,500.00. Upon review, we are constrained to affirm.

        As of March 2020, Claimant was working as a part-time packing clerk and part-time cleaner in a spa. Petitioner's Brief at 1. Because of the COVID-19

pandemic, Claimant became unemployed. *Id.* On April 27, 2020, Claimant filed a claim for PUA benefits effective March 14, 2021. Referee's Opinion, 6/18/22, at Finding of Fact (F.F. No. 1); Certified Record (C.R.) at 7. As such, Claimant began receiving PUA benefits on the week ending March 20, 2021, at a weekly compensable rate of $195.00. Referee's Opinion at F.F. No. 3. This also entitled Claimant to FPUC benefits beginning on the same date at a weekly rate of $300.00. *Id.* at F.F. No. 4.

Beginning on May 19, 2021, the Department of Labor and Industry (Department) notified Claimant that she was required to provide documentation proving that she was lawfully admitted to and authorized to work in the United States. C.R. at 27-28. The notification also explained that a failure to provide the documentation might result in the disqualification of her benefits. *Id.* at 28. The Department sent another notification to Claimant on September 1, 2021, requesting the same documentation and explaining the same risk posed by a failure to comply with the request. *Id.* at 26-27.

On February 24, 2022, the Department sent Claimant an Advance Notice that her benefits may be temporarily or permanently terminated because of a potential overpayment. C.R. at 33. Similarly, it explained that an issue had been raised concerning her claim and that the Department would conduct an investigation and issue a determination upon the completion of the investigation. *Id.*

Consequently, on the same day, the Department determined that Claimant was ineligible for benefits because she did not meet the requirements to receive benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020.[1] C.R. at 35. Specifically, the Department explained that

---

[1] 15 U.S.C. §§9001-9141.

2

Claimant "failed to present proper form I-9 documentation to establish [her] availability for employment under Section 2102(a)(3)(A)(ii)(I) of the CARES Act." *Id.* Thus, the Department disqualified Claimant from receiving benefits from March 14, 2021, through September 4, 2021. *Id.* Additionally, on February 24, 2022, the Department sent claimant two more determinations: (1) a determination that she had received a non-fraud overpayment of PUA benefits in the amount of $4,875.00; and (2) a determination that she had received a non-fraud overpayment of FPUC benefits in the amount of $7,500.00. *Id.* at 45, 57. For both determinations, the Department reasoned that Claimant had failed to establish her availability for employment by presenting proper form I-9 documentation. *Id.* at 45, 57. On March 8, 2022, Claimant appealed these determinations. *Id.* at 70-71.

On May 27, 2022, the Department mailed Claimant a Notice of Telephone Hearing PUA Appeal, scheduling the hearing for June 14, 2022 at 2:00 p.m. C.R. at 82. The Department explained that, for the purposes of the hearing, all three determinations were being consolidated, and that the hearing was to focus on the following relevant issues: (1) whether Claimant was eligible for PUA benefits; (2) whether Claimant was overpaid PUA benefits; and (3) whether Claimant was overpaid FPUC benefits. The notice also included the following statement in both Cantonese and Mandarin: "IMPORTANT! THIS NOTICE MAY AFFECT YOUR UNEMPLOYMENT COMPENSATION RIGHTS OR BENEFITS AND SHOULD BE TRANSLATED IMMEDIATELY! If you need assistance, the UC Service Center will interpret this document free of charge." *Id.* at 87. [2]

---

[2] This same notice was appended to her initial Pandemic Unemployment Disqualifying Determination, Notice of Determination Non-Fraud PUA Overpayment, and Notice of Determination Non-Fraud FPUC Overpayment. C.R. at 42, 55, 67.

The Referee conducted the hearing on June 14, 2022, as scheduled. C.R. at 95-100. Although the Referee called Claimant twice, she did not answer his call either time or otherwise participate in the hearing. *Id.* Likewise, she did not submit any evidence establishing her lawful entry into the United States or her authorization to work in the United States. *Id.*

In a decision dated June 18, 2022, the Referee noted that "[t]here is no evidence to establish that [C]laimant meets the eligibility requirements for [] benefits." Referee's Opinion at F.F. No. 2. Initially, the Referee observed that, notwithstanding being given proper notice of the hearing, Claimant failed to appear and present evidence. C.R. at 104. To that end, the Referee reasoned that no evidence existed which established that Claimant qualified for benefits under the CARES Act. *Id.* at 105. Additionally, the Referee found that the evidence did not suggest that Claimant knowingly falsified or withheld material facts in order to receive benefits, such that he found the overpayment of benefits constituted non-fraud. *Id.* at 105-6.

Claimant appealed this decision on June 19, 2022. C.R. at 114-15. Therein, she argued:

> [D]ue to the severe outbreak of COVID-19, the company I work for has closed and ceased operations under the severe impact of the epidemic, resulting in the loss of my job . . . . During this period, I have not worked, so I would like to express [to the Board my desire for it] to put forward the application for unemployment [compensation] benefits to alleviate the difficulties . . . and urge the [Board] to approve my [benefits].

*Id.*

In an order mailed on March 7, 2023, the Board adopted and incorporated the Referee's findings of fact and entered the following order: "The

4

decision of the Referee is affirmed. Benefits are denied. The claimant has a non-fraud overpayment of [$4,875.00.] The claimant has a non-fraud overpayment of [$7,500.00.]" C.R. at 123. It is from this order that Claimant now appeals.

On appeal,[3] Claimant raises the following issues: (1) she has limited English proficiency (LEP); (2) she was abroad at the time she received notice of the hearing, such that she has good cause for her absence; and (3) she is, in fact, a permanent resident, who is authorized to work in the United States.[4]

Preliminarily, an issue not raised before a Commonwealth agency, like the Board, is waived for our review. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011) (citing Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. §703(a); Pa.R.A.P. 1551(a)). However, Pennsylvania Rule of Appellate Procedure 1551(a), Pa.R.A.P. 1551(a), permits the following exceptions for

> (1) [q]uestions involving the validity of a statute.
>
> (2) [q]uestions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) [q]uestions that the court is satisfied the petitioner could not by the exercise of due diligence have raise before the government unit. If, upon hearing before the court, the

---

[3] Our review is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[4] Claimant has risked issue waiver by not including a Statement of the Questions Involved in her brief. *See Ruiz v. Unemployment Compensation Board of Review*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed this Court will not consider the merits of the issue."); *see also* Pa.R.A.P. 2119(a). However, because we have nevertheless discerned these three issues, we will address them.

5

court is satisfied that any such additional questions within the scope of this paragraph should be raised, it shall remand the record to the government unit for further consideration of the question.

*See Hubbard v. Unemployment Compensation Board of Review*, 252 A.3d 1181, 1186-87 (Pa. Cmwlth. 2021).

Regarding the first issue, Claimant emphasizes that she has LEP. Claimant's Brief at 1. As such, she was unaware that the Department was requesting supplemental documentation regarding her entry into the United States or her authorization to lawfully work herein. *Id.* However, in her appeal to the Board, Claimant simply reiterated her belief that she was eligible for benefits, neglecting to mention any argument regarding her LEP. Because this argument also fails to attack the validity of a statute, implicate jurisdictional concerns, or advance a claim which could not have been raised before the Board with due diligence, we are constrained to deem this issue waived.

Likewise, with respect to the second issue, Claimant now argues that her mother-in-law passed away in January 2022, and because of cancelled flights, she could not return to China to administer her mother-in-law's estate until April 2022, thereby causing her to miss the Referee's hearing on June 14, 2022. Petitioner's Brief at 1. Again, Claimant asserts this issue for the first time on appeal. As above, this argument fails to attack the validity of a statute, question the jurisdiction of the Board, or implicate an issue that could not have been raised before the Board with due diligence.

In fact, Section 101.24 of the Board's regulations, 34 Pa. Code §101.24, afforded Claimant the opportunity to advance this argument to reopen the Referee's hearing. Section 101.24(a) provides in relevant part:

6

If a party who did not attend a scheduled hearing subsequently gives written notice, which is received by the tribunal prior to the release of a decision, and it is determined by the tribunal that h[er] failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened. Requests for reopening, whether made to the referee or Board, shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing . . . .

34 Pa. Code §101.24(a). Additionally, Section 101.24(d) provides:

If a request for reopening is not received before the decision was issued but is received or postmarked within 15 days after the decision of the Board was issued to the parties, it will be accepted as a request for reconsideration and a reopening of the hearing and the Board will rule upon the request. If the request for reopening is allowed, the Board will vacate its decision and remand the case for further hearing, with written notice thereof to each of the parties. At a reopened hearing, the opposing party shall be given the opportunity to object to the reopening if he so desires. If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material, and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.

34 Pa. Code §101.24(d). *See also* 34 Pa. Code §101.24(c) (requiring that a request for reopening received by the Board or postmarked 21 days after the issuance of the referee's decision be ruled upon by the Board). Notwithstanding these provisions, Claimant filed a timely appeal of the Referee's decision just one day after the decision was mailed and only five days after the Referee's hearing. As indicated, this appeal omitted any reference to the cause of her absence at the Referee's June 14, 2022 hearing. Consequently, we must deem this issue waived.

7

Finally, Claimant argues that she is a permanent resident and lawfully authorized to work in the United States, such that the Board erred in denying her unemployment compensation benefits under the CARES Act.[5]  Petitioner's Brief at 1.  To that end, she has attached exhibits to her brief purporting to evidence her lawful entry into the United States and her authorization to lawfully work here.  *Id.* In response, the Board argues that this Court may not consider any evidence not included in the Certified Record, meaning we may not consider the documents now offered by Claimant.  Respondent's Brief at 7.

Indeed, on a number of occasions, we have noted that "[t]his Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal[.]"  *Croft v. Unemployment Compensation Board of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995).  *See also Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971, 974-75 (Pa. Cmwlth. 2009); *Lausch v. Unemployment Compensation Board of Review*, 679 A.2d 1385, 1393 n.13 (Pa. Cmwlth. 1996).  Thus, our review is limited to the Certified Record before us.

Considering the evidence before the Board, it did not err in finding that Claimant was ineligible for PUA and FPUC benefits.  A claimant is entitled to PUA or FPUC benefits, if she is a "covered individual." 15 U.S.C. §9021(b).  A claimant is only a "covered individual" if, *inter alia*, she "is otherwise able to work and available to work within the meaning of applicable State law," whose unemployment

_____

[5] To be sure, there is a credible argument to be made that Claimant's appeal to the Board did not specifically address her lawful entry into the United States or authorization to work here, such that this argument, too, is waived.  However, we observe that, although we may address issue waiver *sua sponte*, the Board did not argue that Claimant waived this issue.  Further, because Claimant's appeal to the Board details her belief of why she remains eligible for unemployment compensation benefits, and the argument advanced by Claimant now is a more thoroughly developed argument regarding her eligibility for benefits, we will address the merits of this issue.

8

resulted from the COVID-19 pandemic. 15 U.S.C. §9021(a)(3)(A)(ii)(I). On that point, we have held, "an alien, without current, valid [] work authorization, is not legally available for work, and, therefore, not eligible for unemployment compensation benefits." *Ruiz*, 911 A.2d at 605 (interpreting "available to work" under Section 401(d)(1) of the Unemployment Compensation Law, 43 P.S. §801(d)(1)[6]).

Presently, the Department requested supplemental documentation from Claimant to ensure that she was a "covered individual" under the CARES Act as consistent with Pennsylvania law, because her initial application for benefits indicated she was not a United States citizen. Despite numerous attempts to obtain such documentation, Claimant never provided it to the Department or to the Referee. Because Pennsylvania law requires that an alien demonstrate she has valid work authorization to be available for work and eligible for unemployment compensation benefits, and Claimant failed to do so, the Board did not err in finding Claimant ineligible for PUA and FPUC benefits. To conclude, we are constrained to agree with the Board in this matter because there is no evidence of Claimant's lawful entry into the United States or lawful work authorization contained in the Certified Record, and any other meritorious issues were waived for our review.

Accordingly, the March 7, 2023 Order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[6] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Cuijin Zhao,                          :
                                      :
                   Petitioner         :
                                      :
         v.                           : No. 399 C.D. 2023
                                      :
Unemployment Compensation             :
Board of Review,                      :
                                      :
                   Respondent         :


ORDER


AND NOW, this 6th day of June, 2024, the March 7, 2023 Order of the Unemployment Compensation Board of Review is **AFFIRMED**.


_____
MICHAEL H. WOJCIK, Judge