# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Grove,                                          :
                         Petitioner           :
                                                              :
            v.                                              :   No. 1585 C.D. 2023
                                                              :   Submitted: December 9, 2024
Unemployment Compensation             :
Board of Review,                               :
                         Respondent          :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                      HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                      HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER                    FILED:  January 9, 2025


Richard Grove (Claimant), pro se, petitions for review of the November 8, 2023 Order of the Unemployment Compensation (UC) Board of Review (Board), which dismissed Claimant's appeal of a Referee's decision as untimely under Section 502 of the UC Law.[1]  For the following reasons, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822. In relevant part, Section 502(a) of the UC Law states:

> The parties and their attorneys or other representatives of record and the [D]epartment [of Labor and Industry] shall be duly notified of the time and place of a referee's hearing and of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the [B]oard, unless an appeal is filed therefrom, no later than twenty-one days after the "Decision Date" provided on such decision or the [B]oard acts on its own motion, to review the decision of the referee. . . .

*Id.* § 822(a).

# I.  BACKGROUND

In February 2021, Claimant applied for UC benefits after he separated from his employer, Westminster Woods at Huntingdon (Employer).  (Certified Record (C.R.) at 3-6, 13-16.)  On July 29, 2021, the Department of Labor and Industry, Office of UC Benefits (Department), issued to Claimant a Disqualifying Separation Determination (Determination).  (*Id.* at 19.)  In the Determination, the Department informed Claimant that he did not qualify for UC benefits pursuant to Section 402(b) of the UC Law because he voluntarily left his employment without a cause of a necessitous and compelling nature.[2]  (*Id.*)  Thereafter, Claimant timely appealed the Determination.[3]  (*Id.* at 32-41.)

On February 16, 2022, the Referee scheduled a hearing with Claimant regarding his appeal of the Determination.  (*Id.* at 52.)  The Referee informed the parties that the Referee would address three issues at the hearing:  (1) whether Claimant voluntarily left his employment without a cause of a necessitous and compelling nature; (2) whether Claimant received UC benefits during the relevant claim period to which he was not entitled and, if so, whether the fault or non-fault provisions of the UC Law should govern the repayment of those benefits; and (3) whether Claimant received Federal Pandemic UC benefits during the relevant claim period to which he was not entitled and, if so, whether such payments were because of fraud.  (*Id.* at 52-53.)

---

[2] In relevant part, Section 402(b) of the UC Law provides that a claimant is ineligible for UC benefits for weeks "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."  43 P.S. § 802(b).

[3] Claimant appealed the Determination on August 17, 2021, four days after the August 13, 2021 deadline to file the appeal.  (*See* C.R. at 19, 32.)  Nonetheless, the Department accepted Claimant's appeal of the Determination as timely and valid because Claimant did not receive the Determination until after the appeal deadline.  (*See id.* at 33, 36.)

Following the hearing,[4] by decision dated March 9, 2022, the Referee affirmed the Determination and concluded Claimant was ineligible for UC benefits pursuant to Section 402(b) of the UC Law because Claimant did not meet his burden of proving he had a necessitous and compelling cause to voluntarily leave his employment because he did not provide any medical documentation to support his claim. (Referee's Decision, C.R. at 66-67, 69.) Accordingly, the Referee affirmed the Determination and advised Claimant that if he wished to appeal the Referee's Decision, he must do so within 21 days of the decision date, that is, he must file any appeal by March 30, 2022. (*Id.* at 66, 69-70.)

Subsequently, Claimant filed an appeal of the Referee's Decision in addition to two other Referee decisions. (*Id.* at 76-84.) However, Claimant did not file his appeal of the Referee's Decision until July 25, 2022. (*Id.*) Because Claimant's appeal appeared to be untimely, by letter dated August 5, 2022, the Board advised Claimant as follows:

> If you believe that you filed your appeal within the twenty-one (21) day period or that it should be deemed timely for other reasons, you must request in writing that a hearing be scheduled to allow you the opportunity to set forth your reasons as to why you believe your appeal was timely filed. . . . Any such hearing involves only the issue of whether the appeal was timely filed. No ruling is made on the merits of the case unless the appeal is first ruled timely.

(*Id.* at 91, 96, 118 (emphasis removed).) On August 16, 2022, Claimant requested a hearing be scheduled on the untimely appeal issue. (*Id.* at 85, 95.) On September 22, 2023, the Board remanded the matter to the Referee to serve as the Board's

---

[4] The transcript of the hearing before the Referee was not transcribed because Claimant allegedly did not timely appeal the Referee's decision. (C.R. at 64.)

Hearing Officer to accept evidence as to whether Claimant timely filed his appeal of the Referee's Decision. (*Id.* at 120-21.)

On October 23, 2023, the Referee held the hearing on the untimely appeal issue, at which Claimant testified, in relevant part, as follows. (*Id.* at 148.) In February 2022, Claimant received and paid a bill from the Department, which required Claimant to pay the Department approximately $12,000 in UC benefit overpayments. (*Id.* at 154; *see also id.* at 99 (February UC Overpayment Billing Notice); *id.* at 107 (showing Claimant paid the February 2022 bill on March 22, 2022).) Following the Referee's Decision, Claimant received another bill from the Department in July 2022, which required Claimant to pay the Department approximately $1,000 in interest and penalty fees associated with the previous bill. (*Id.* at 154, 156-57; *see also id.* at 109-11 (July UC Overpayment Billing Notice).) After receiving the second bill, Claimant elected to appeal the Referee's Decision:

> [Referee:] So you are basically saying then that the only reason that you filed the appeal was because of the additional invoice for that $1,000?
>
> [Claimant:] Yes. That's what I'm going to have to claim. . . .
>
> . . . .
>
> [Referee:] My decision went out on March 9[], 2022. The last day to file a timely appeal of that determination was March 30[, 2022]. So in a nutshell, what you're saying is that you didn't file an appeal because you had decided to just repay . . . the overpayment.
>
> [Claimant:] Yes. And then they sent me another bill.

(*Id.* at 154, 156.)

4

Following the hearing, by Order dated November 8, 2023, the Board dismissed Claimant's appeal of the Referee's Decision as untimely pursuant to Section 502(a) of the UC Law. (*Id.* at 176.) In reaching its decision, the Board made the following findings of fact:

1. On March 9, 2022, the Referee issued decisions which denied [] [C]laimant [UC] benefits and assessed overpayments.

2. A copy of the Referee's [D]ecision was mailed to [] [C]laimant at his last known post office address on the same date.

3. The decision was accompanied by notice advising that the interested parties had twenty-one (21) days in which to file a valid appeal.

4. There is no indication that the decision mailed to [] [C]laimant was returned by the postal authorities as undeliverable.

5. [] [C]laimant's appeal from the Referee's [D]ecision, in order to be timely, had to have been filed on or before March 30, 2022.

6. [] [C]laimant's appeal was filed on July 25, 2022.

7. [] [C]laimant delayed in filing the appeal because he had decided to just repay the overpayment and then he was sent another bill.

8. There is no evidence that [] [C]laimant was misinformed or misled by the [UC] authorities regarding his right or the necessity to appeal.

(*Id.* at 175-76.) Based on these findings, the Board reasoned Claimant did not establish a sufficient reason for it to accept the appeal on *nunc pro tunc* grounds and because the appeal period is mandatory, it was without jurisdiction to consider the appeal. (*Id.* at 176.) Accordingly, the Board concluded Claimant's appeal of the Referee's Decision must be dismissed. (*Id.*)

On December 4, 2023, Claimant filed a Pro Se Letter with this Court, indicating his intent to appeal the Board's November 8, 2023 Order. Pursuant to this

Court's December 14, 2023 Notice, Claimant timely filed an Ancillary Petition for Review. In his Ancillary Petition for Review, Claimant did not address the untimely appeal issue; instead, Claimant asserted the Board's Order should be reversed for five reasons related to the underlying merits of the Referee's Decision.[5] Following briefing from Claimant and the Board, Claimant's Ancillary Petition for Review is ripe for disposition.

## II. DISCUSSION[6]

On appeal to this Court, Claimant only advances arguments regarding the underlying merits of the Referee's Decision. In response, the Board argues that Claimant's appeal should be dismissed because Claimant does not address in his brief the only issue before this Court, which is whether the Board erred in dismissing Claimant's appeal of the Referee's Decision as untimely. Consequently, the Board contends Claimant waived the sole issue before this Court and his appeal should be dismissed. Alternatively, the Board argues that if this Court were to conclude Claimant did not waive the untimely appeal issue, the Board's Order should be affirmed because Claimant did not establish that non-negligent conduct, fraud, or a breakdown in the administrative process caused his untimely appeal.

When a claimant does not address an issue in his brief, the claimant risks waiver of the issue. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600,

---

[5] Additionally, Claimant attached five exhibits to his Ancillary Petition for Review. The Court may not consider these additional documents as the documents are not contained in the Certified Record. *See Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022) ("It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal.").

[6] This Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, the agency's practices or procedures were violated, or the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."). However, this Court will address "the merits of particular cases where defects in the brief did not preclude meaningful appellate review or result in waiver of issues." *See, e.g.*, *Russell v. Unemployment Comp. Bd. of Rev.*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (citation omitted); *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.5 (Pa. Cmwlth. 2024) (declining to find waiver of an issue despite the fact the claimant did not meaningfully develop the issue in his brief). Here, although Claimant did not address whether his appeal was untimely in his brief, the Court is able to meaningfully address the issue based on the Certified Record. *See Kurpiewski v. Workers' Comp. Appeal Bd. (Caretti, Inc.)*, 202 A.3d 870, 885 n.12 (Pa. Cmwlth. 2019) (addressing an issued based on the certified record); *Burda v. Pa. Jud. Conduct Bd.*, 175 A.3d 1138, 1139 n.2 (Pa. Cmwlth. 2017) (same). Therefore, under these circumstances, the Court will address whether the Board erred in dismissing Claimant's appeal of the Referee's Decision as untimely to the extent we are able to do so.[7]

Under Section 502(a) of the UC Law, a claimant must appeal a decision of the Referee "no later than twenty-one days after the 'Decision Date' provided on such decision." 43 P.S. § 822(a); *see also* 34 Pa. Code §§ 101.82(a), 101.102. At the expiration of the appeal period, the Referee's decision becomes final and the Board's jurisdiction over the appeal ceases to exist. *See Dumberth v. Unemployment Comp.*

---

[7] "The Board is the fact-finder in [UC] cases, and has authority to resolve conflicts in the evidence and to make credibility determinations. The Board's findings are conclusive and binding on appeal if supported by substantial evidence." *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (citation omitted). However, whether a claimant timely filed an appeal is an issue of law; therefore, this Court's review is plenary. *Id.*

*Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003) (citations omitted). "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Id.* Therefore, appeals filed after the 21-day appeal period are untimely and must be dismissed by the Board. *Id.*

"However, the Board may consider an untimely appeal in limited circumstances." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citation omitted). These limited circumstances include when the claimant untimely filed the appeal because "the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or because of "non-negligent conduct beyond [the claimant's] control." *Id.* (citations omitted). Because the statutory appeal provisions are mandatory, the claimant bears the heavy burden to establish that one of these limited circumstances exists to allow the Board to consider the untimely appeal. *Id.*; *see also Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) ("[T]he claimant bears a heavy burden to justify an untimely appeal.").

Here, the Board did not err in dismissing Claimant's appeal of the Referee's decision as untimely. Claimant had until March 30, 2022, to timely file an appeal of the Referee's Decision; however, Claimant did not appeal the decision until July 25, 2022. Consequently, Claimant's appeal was facially untimely, the Referee's Decision was rendered final, and the Board's jurisdiction over the appeal ceased to exist. *See Dumberth*, 837 A.2d at 681. Moreover, Claimant does not meet his heavy burden to establish that one of the limited circumstances exists to allow the Board to consider his facially untimely appeal. In his testimony before the Referee, Claimant admitted that he had no intention of appealing the Referee's Decision until after he

8

received a second bill from the Department for interest and penalty fees associated with the UC overpayment bill he previously paid. Claimant did not present any other testimony or evidence to establish that the Department, Referee, or Board "engaged in fraudulent behavior or manifestly wrongful or negligent conduct" or that "non-negligent conduct beyond his control caused the delay." *See Hessou*, 942 A.2d at 198. Therefore, we are constrained to conclude that the Board did not err in dismissing Claimant's appeal of the Referee's Decision as untimely.

## III. CONCLUSION

For the foregoing reasons, we affirm the Board's November 8, 2023 Order.

_____
**RENÉE COHN JUBELIRER,** President Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Grove, : 
                Petitioner : 
                 : 
                 : 
        v. :   No. 1585 C.D. 2023
                 : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

# O R D E R

     **NOW**, January 9, 2025, the Order of the Unemployment Compensation Board of Review, dated November 8, 2023, is **AFFIRMED**.

                                   _____

                                   **RENÉE COHN JUBELIRER,** President Judge