IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Cunningham,           :
                                :
                Petitioner    :
                                :
            v.                   : No. 1646 C.D. 2023
                                : Submitted: April 8, 2025
Unemployment Compensation    :
Board of Review,            :
                                :
              Respondent : 

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                               FILED: May 6, 2025

       James Cunningham (Claimant), proceeding *pro se*, petitions for review of the order of the Unemployment Compensation Board of Review (Board) that dismissed his appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] Claimant contends that the Board erred in dismissing his appeal as untimely where his underlying appeal from the initial determination of ineligibility was timely. Upon review, we affirm.

       On February 12, 2021, Claimant applied for unemployment compensation (UC) benefits stating he was laid off from his employer. Certified Record (C.R.) at 3-12, 30. At the time of filing, Claimant provided a United States postal address and email address and requested internal messaging with email

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

notification as his preferred notification method. C.R. at 4-5. On March 8, 2022, a local service center determined that Claimant was ineligible for UC benefits pursuant to Section 402(b) of the Law, 43 P.S. §802(b), on the basis that he voluntarily terminated his employment without a necessitous and compelling reason. C.R. at 14-23. Claimant appealed and a referee held a hearing on August 12, 2022. *See id.* at 25-29, 40.

The referee found that the service center's determination was sent to Claimant via his preferred method of communication – internal messaging with email notification. The determination informed Claimant that he had 21 days from the date of the determination to appeal. The last day on which a valid appeal could be filed from the service center's determination was March 29, 2022. The referee found that Claimant did not file an appeal from the determination until May 10, 2022. By decision dated September 7, 2022, the referee dismissed Claimant's appeal as untimely under Section 501(e) of the Law. Referee's Opinion, 9/7/22, at 1-2; C.R. at 64-65.

On January 5, 2023, Claimant filed an appeal with the Board. C.R. at 77-85. By letter dated March 8, 2023, the Board, observing that Claimant's appeal was filed more than 21 days after the referee's September 7, 2022 decision, advised Claimant that he may request a hearing on whether or not his appeal was timely. C.R. 92. "Unless the Board receives a reply specifically requesting a hearing on the timeliness issue, postmarked by March 23, 2023, it will proceed to issue an appropriate order." *Id.* Claimant did not respond.[2]

By decision dated September 28, 2023, the Board dismissed Claimant's appeal from the referee's decision as untimely pursuant to Section 502(e) of the Law.

---

[2] By email dated June 22, 2023, Claimant requested the status of his case, but he did not request a hearing by March 23, 2023. C.R. at 95.

In support, the Board found that notification of the referee's decision was emailed to the Claimant and available in his message center. The decision was accompanied by a notice advising him that he had 21 days in which to file a valid appeal. There was no indication that the decision was not successfully delivered electronically to the Claimant. Claimant had until September 28, 2022, to file a timely appeal of the referee's decision. Claimant did not file an appeal from the referee's decision until January 5, 2023, and Claimant did not request a hearing on the timeliness of his Board appeal. Board Opinion, 9/28/23, Findings of Fact (F.F.) at 1-8; C.R. at 97-98. The Board advised that the final date to appeal its decision was October 30, 2023. C.R. at 98.

On October 27, 2023, this Court received Claimant's *pro se* communication letter expressing his intent to appeal the Board's decision (letter of intent). By letter dated February 2, 2024, this Court informed Claimant that October 27, 2023, would be preserved as his date of appeal if he perfected his appeal by filing a petition for review within 30 days, and provided instructions. On February 29, 2024, Claimant filed an ancillary petition for review (PFR), thereby perfecting his appeal and giving this Court jurisdiction to address his appeal. On March 15, 2024, this Court sent a defect correction notice, instructing Claimant to include a copy of the Board's determination, within 14 days. No response was filed. Notwithstanding, we issued a briefing schedule. Both parties filed briefs.

Claimant contends that he timely appealed the service center's determination to the referee by filing an appeal letter via certified mail on March 11, 2022, which was delivered on March 15, 2022, and offered proof in support. The Board responds that Claimant has waived any argument on appeal by failing to address his untimely appeal to the Board in his appellate brief. Even if not waived,

the Board asserts that there is no evidence that his untimely appeal of the referee's decision was a result of fraud, administrative breakdown, or non-negligent circumstances.[3]

The General Assembly amended Section 501(e) by increasing the statutory appeal period to file an appeal from 15 to 21 calendar days. Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979); *Dumberth v. Unemployment Compensation Board of Review*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003). If an appeal is not filed within the 21-day appeal period, "it becomes final[,] and the Board does not have the requisite jurisdiction to consider the matter." *DiBello v. Unemployment Compensation Board of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018) (citing *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008)). "An appeal filed even one day after the [21]-day appeal period is untimely." *Id.* "The 'failure to file an appeal within [21] days, without an adequate excuse for the late filing, mandates dismissal of the appeal.'" *Id.* (quoting *United States Postal Service v. Unemployment Compensation Board of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993)).

However, when a party has filed an untimely notice of appeal, he may be entitled to equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). A party may proceed *nunc pro tunc* with an untimely appeal if he establishes that the notice of appeal was filed late as a result of extraordinary, non-negligent

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006 (Pa. Cmwlth. 2014).

4

circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Id.* at 1159. To establish extraordinary circumstances, an appellant must prove that the delay was caused by an administrative breakdown, fraud, or some other conduct beyond his control, which is not attributable to his own negligence. *Hessou*, 942 A.2d at 198. An appellant bears a heavy burden to justify an untimely appeal. *Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971 (Pa. Cmwlth. 2009).

Here, the service center's determination of ineligibility informed Claimant that he had until March 29, 2022, to file an appeal. According to the Certified Record, Claimant filed an appeal on May 10, 2022, via email. C.R. at 25, 28, 29. Therein, Claimant asserted:

> The email that I have been told to send everything to is uchelp@pa.gov. I have sent multiple emails through this. I have tried to use my dashboard and send a message[;] however, I get an error code. I tried to write an appeal online dashboard[,] but my claim is not visible, [and] there is no link to write an appeal. I cannot get through on [the] phone to unemployment [office] and no one answers the emails I have sent. I have sent all documents that [are] needed through certified mail.

C.R. at 28. Following a hearing, which was not transcribed, C.R. at 62, the referee found that Claimant did not file an appeal from the determination until May 10, 2022. Referee's Opinion, F.F. No. 5; C.R. at 65.

In his appeal to the Board, Claimant reasserted that he timely filed his appeal of the service center determination and offered evidentiary support in the form of certified mail receipts showing an item was mailed to the "PA

Unemployment Office, 651 Boas Street, Room 1116, Harrisburg, PA 17121" on March 11, 2022, and received on March 16, 2022. C.R. at 80-85. Claimant's certified mail receipts lend evidentiary support to his claim that the delay was caused by an administrative breakdown, fraud, or some other conduct beyond Claimant's control.

The problem, however, is that Claimant did not timely file his appeal of the referee's decision to the Board to make this claim. Claimant had until September 28, 2022, to appeal the referee's decision, but he did not file his appeal with the Board until January 5, 2023, which is over three months after the statutory deadline. C.R. at 80. The Board offered Claimant the opportunity to request a hearing on the timeliness of his appeal, but Claimant never replied. C.R. at 92-93.

On appeal here, Claimant devotes his entire brief to arguing that his appeal from the service center determination to the referee was timely. However, Claimant does not address, let alone provide good cause for, the untimeliness of his appeal from the referee's decision to the Board, which is the jurisdictional hurdle he needed to overcome to get to his underlying claim. Consequently, the issue is waived. *Ruiz v. Unemployment Compensation Board of Review*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) (citation omitted) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."). Even if not waived, there is no allegation or evidence that his untimely appeal to the Board was the result of any administrative breakdown, fraud, or some other conduct beyond his control, which is not attributable to his own negligence.[4] *See Hessou*,

---

[4] Even Claimant's appeal in this Court was fraught with defects and an inability to comply with court-imposed deadlines.

942 A.2d at 198. Upon review, the Board did not err or abuse its discretion in dismissing Claimant's appeal as untimely.

Accordingly, the order of the Board is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Cunningham,      :
     :
     Petitioner  :
     :
     v.     : No. 1646 C.D. 2023
     :
Unemployment Compensation     :
Board of Review,     :
     :
     Respondent :

# **O R D E R**

AND NOW, this 6th day of May, 2025, the order of the Unemployment Compensation Board of Review, dated September 28, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge