# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| James Nottingham, | : |
| Petitioner | : |
| | : No. 96 C.D. 2024 |
| v. | : |
| | : Submitted: May 6, 2025 |
| Pennsylvania State Police (Office | : |
| of Open Records), | : |
| Respondent | : |

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**                                                    **FILED:  June 5, 2025**

Petitioner James Nottingham (Nottingham) has petitioned this Court to review the Final Determination issued by the Office of Open Records (OOR) on January 12, 2024, which denied Nottingham's administrative appeal regarding Respondent Pennsylvania State Police's (PSP) disposition of Nottingham's Right-to-Know Law (RTKL)[1] request.  We affirm.

## I. BACKGROUND[2]

Nottingham, who is incarcerated at the State Correctional Institution at Camp Hill, submitted his RTKL request to PSP on September 25, 2023.  Through his request, Nottingham sought records from PSP related to a criminal complaint lodged against him on July 13, 2015, as well as his subsequent arrest that occurred as a result of that complaint.[3]  On October 2, 2023, PSP granted Nottingham's

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] We draw the substance of this section from OOR's Final Determination.  *See generally* Final Determination, 1/12/24.

[3] Specifically, Nottingham requested the following information from PSP:

(1) Incident Log

(2) Dispatch log of All Vehicles

(3) Name of 911 Operator

(4) Chronicle "911" record

(5) Job duties and details of all officers

(6) All MVR (Motor Vehicle Recordings)

(7) Interrogation video

(8) All security video footage from time of arrival to time of departure […] of Nottingham to include total length of time in custody by Troop – F State Police

(9) Time of arrest

(10) [T]ime of release and to whom released to

(11) Cause of detention by Troop F PSP

(12) Policy, Rules and regulations for an active shooting

(13) All officials names in accord of the rules, Policy and regulation

(14) documents, files and records of all reported injuries if any

(15) Photos of all injuries

(16) Policy, Rules and regulations of Procedure when injuries [occur] as a result of Domestic Violence involving [C]hildren of [sic] Youth

(17) Record, files, and documents to and from Children and Youth of Lycoming County

(18) Actions taken by [D]omestic Relations of Lycoming County and results

(19) Actions taken by Lycoming County Children and Youth and results of outcome

(20) Policy, [r]egulations and rules for filing false [p]olice reports

(21) Policy, [r]egulations and rules for making false claims

(22) Policy, [r]egulations and rules for making unsworn falsification to authorities [p]ursuant to 18 Pa.C.S. § 4904 that are not true and incorrect

(23) All records, documents, files, exhibits, etc.[,] used to establish [p]robable [c]ause on July 13, 2015

(24) Provide the [p]olicy[,] rules and regulations for failure to establish probable cause on July 13, 2015

(25) list of all charges filed on July 13, 2015

(26) The disposition of all charges on July 17, 2015, by Jon E Kemp

(27) List any charges filed or reinstated after July 17, 2015

(28) All information, records, filing, and documents of refiled charges if any.

(29) Disciplinary record, files of TPR Blake Brown

(30) Disciplinary record, files of TPR Jason Cooley

(31) Disciplinary record [] files of TPR William Jones

(32) Disciplinary actions taken by commanding Sergeant(s) and SGTs full names in regards to incidents of insubordination[.]

Final Determination at 1-2.

request in part and provided him with certain responsive documents, some of which were partially redacted. PSP also denied the request in part, invoking a number of RTKL's statutory disclosure exceptions and maintaining that it did not have some of the requested documents within its care, custody, or control.

In response, Nottingham appealed PSP's disposition of his RTKL request to OOR on November 17, 2023. On January 12, 2024, OOR issued its Final Determination. Therein, OOR concluded that PSP had properly invoked a disclosure exemption regarding a PSP operation manual, had established that it had appropriately redacted personally identifiable information from the documents it had disclosed to Nottingham, and had proven that it did not have access to documents that were responsive to the vast majority of Nottingham's enumerated requests. Nottingham then petitioned our Court for review of OOR's Final Determination.

## II. DISCUSSION

Under normal circumstances, we would address the merits of Nottingham's appellate arguments. However, we need not do so here, due to Nottingham's failure to contest the merits of OOR's Final Determination. It is well settled that "[w]hen issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue." *Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006). In this instance, OOR denied Nottingham's appeal and, in doing so, affirmed PSP's disposition of his RTKL request. *See* Final Disposition at 9. Despite this, Nottingham does not offer anything in his brief that directly challenges the Final Determination itself. Instead, Nottingham presents a disjointed and muddled argument, through which he seems to assert that PSP engaged in a wide-ranging criminal conspiracy with other

3

governmental entities to ensure that he would be criminally convicted under false pretenses, due to a dispute that arose from Nottingham's refusal to sell his farm to a PSP trooper's father-in-law. Nottingham's Br. at 17-27. Nottingham goes on to request that we award him compensatory damages for the loss of his business and for the emotional trauma he suffered as a result of that loss, to quash and expunge unspecified carceral sentences, and to order his release from prison. *Id.* at 28. These allegations and requests for relief are both far outside the scope of the appellate matter that is currently before us and do not in any way contest the validity of OOR's Final Determination. Accordingly, Nottingham has waived his ability to challenge the OOR's disposition of his RTKL request appeal. *See Rapid Pallet v. Unemployment Comp. Bd. of Rev.*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998) ("Arguments not properly developed in a brief will be deemed waived by this Court.").

### III. CONCLUSION

In accordance with the foregoing analysis, we affirm OOR's Final Determination.[4]

---

[4] Nottingham has also filed what he calls a "traverse," in which he appears to request that we strike PSP's brief. *See* Nottingham's Traverse at 2. We need not address the merits of Nottingham's request and instead dismiss the traverse as moot, due to our aforementioned conclusion that he failed to preserve any issues for appellate review.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| James Nottingham, | : | |
| Petitioner | : | |
| | : | No. 96 C.D. 2024 |
| v. | : | |
| | : | |
| Pennsylvania State Police (Office | : | |
| of Open Records), | : | |
| Respondent | : | |

**PER CURIAM**

# **O R D E R**

AND NOW, this 5th day of June, 2025, it is hereby ORDERED that the Final Determination issued by the Office of Open Records on January 12, 2024, is AFFIRMED. It is FURTHER ORDERED that the "traverse" filed by Petitioner James Nottingham is DISMISSED AS MOOT.